Pearson, J.
 

 The evidence discloses a horrid murder, committed under -circumstances well calculated to excite and alarm the people of the neighborhood. It was the duty of every good citizen to do his utmost in order to find out the perpetrators of the crime, but care should have been taken not to exceed the limits allowed by the rules of law. The prisoner may be guilty, but, to justify a conviction, his guilt must be proved according to law. This has not been done* because of error in admitting as evidence the confessions of the prisoner whose case is now before us, and also in admitting the confessions of Gauzey, which had such a bearing upon the case of the prisoner, standing charged as an accessory, as to entitle him to the benefit of the objection.
 

 The confessions were extracted by means calculated to excite
 
 the fear of present death in the firmest mmd.
 
 The prisoners were in irons ; a large crowd had assembled and became very much excited; one strikes Gauzey in the face, and threatens to kill him “ if he don’t tell all about itanother says to George,
 
 “
 
 tell about it,
 
 they
 
 will hang you if you don’t,” and there “ they” stood — an infuriated crowd ! This was as direct an appeal to his fear as could have been made, and had he confessed at the instant, it was conceded in the argument, the evidence would not have been admissible ; but it was insisted that as the confession was made afterwards the objection did not apply. What length of time intervened is not stated : the case merely sets out, that,
 
 “
 
 shortly after the above,” the confession was made. It is apparent that not more than an hour — possibly only a few moments, intervened, and
 
 the ovrciomstanoes of terror renamed the
 
 same. There was the same infuriated crowd to which the attention of the
 
 *236
 
 prisoner bad been directed. Some of them- said,
 
 “
 
 the ne-groes- who did it deserved to be burnt.” True-, the prisoner did not hear this, but the demonstrations of a crowd where such sentiments are uttered, can be judged of and felt by an unfortunate being, who knows that he is within its power, without hearing- what is said. To support the distinction contended for, it was necessary to show that such a length of time had intervened, and such an entire change of circumstances had taken place, as wholly t& remove the effect of the influence which had been brought to- bear upon the prisoner, — ■ as that the crowd had dispersed, or the prisoner had been taken to some other place where lie could feel secure from any sudden burst of its fury. We are satisfied that the confession, was made from fear, under that instinct which prompts us to avoid
 
 present
 
 danger and risk the future. The prisoner felt that it was necessary to appease the crowd.
 

 A confession extorted in this way, may, or may not, be true. Rut there-is-no guaranty of its truth, and by the rules of evidence, it is inadmissible.
 

 This case furnishes an apt illustration of the wisdom of the rule-. If such evidence was received, crowds would always assemble when there was a charge of the commission of a horrid crime, in order to extort a confession. The prisoner is entitled to- a
 
 venire de novo^.
 

 Per- CueiaM, Judgment reversed»