## LEE v. STATE.

### Opinion delivered April 2, 1892.

1. *Criminal procedure—Steps taken in absence of defendant.*

    If it is error to administer the statutory oath to the officer in charge of the jury, and to admonish the jury as to their duty, in the absence of defendant, it is not cause for reversal where such absence was voluntary, and the opportunity was afforded to defendant to rectify the mischief before the jury left the box.

2. *Right of prosecuting attorney to comment on defendant's testimony.*

    Where defendant testifies in his own behalf, he is upon the same footing as any other witness; his failure to deny incriminating testimony relating to facts within his knowledge is a proper subject of comment by the prosecuting attorney.

3. *Court house destroyed by fire—Temporary site.*

    Where a county court house is destroyed by fire, the county court may provide a temporary court house near the former site. *Hudspeth* v. *State*, 55 Ark. 323, followed.

Appeal from Faulkner Circuit Court.

ROBERT J. LEA, Judge.

*Marshall & Coffman* and *G. W. Bruce*, for appellant.

1. It was error to give instruction No. 4, and refuse No. 5. One murderously assaulted is not obliged to retreat, but may pursue his adversary and slay him, if it appears reasonably necessary to secure himself from danger. Hawk. P. C., ch. 10, sec. 24; 1 Bish. Cr. L., (7th ed.), secs. 850, 870; 17 S. W. Rep., 450; 1 East, P. C. 271; 1 Lawson's Cr. Def., p. 30 and note; *ib.*, p. 231; 32 Ia. 36; Stofer's case, 15 Oh. St.; 15 Ga. 117; 52 Ark. 47.

2. The jury were admonished, and the bailiff sworn and admonished, in the absence of defendant. These were material steps taken in his absence. Cooley, Const. Lim. (6th ed.), p. 388; 90 Mo. 37; 110 U. S. 574; 24 Ark. 620; *ib.* 629; 44 *id.* 331; 45 *id.* 165.

3.    The attorney for the State commented upon the failure of the defendant to testify as to certain facts, and to deny the statements of certain witnesses.    This was prejudicial error.    17 N. W. Rep. 192; 56 Ind. 182; 84 *id.* 562; 77 Va. 393; Thompson on Trials, sec. 1001; 123 Mass. 239; 74 Ia. 154; 110 Mass. 411; 18 Me. 490; 12 S. W. Rep. 737; 96 Ill. 261; 2 Pac. Rep. 609; 8 Tex. App. 416; 36 Cal. 522; 105 Ill. 452.

4.    The court was held at a place other than the seat of justice.    Art. 7, sec. 7, const.; Mansf. Dig., secs. 1089, 1094, 1154.

*W. E. Atkinson*, Attorney General, and *Chas. T. Coleman* for appellee.

1.    The law of self-defense was fully covered by the court's charge.

2.    Whether the swearing and admonishing the bailiff was a substantial step or not it is not necessary to decide; defendant was on bond and voluntarily absent; it was his duty to be present.    Moreover, he was brought before the court and informed of what had transpired, and an opportunity was given him to protect his every right.    The contention is frivolous.    Mansf. Dig. sec. 2213; 52 Ark. 285; 50 *id.* 490; 45 *id.* 168.

3.    The remarks of the State's attorney are not a ground of reversal.    By taking the stand defendant waived the protection afforded him by the statute.    14 S. W. Rep. 128; 52 N. H. 459; 97 Mass. 546; 56 N. Y. 315; 59 Iowa, 472; 12 Pac. Rep. 406.

4.    The contention that the court was held at a place not authorized by law is settled by 18 S. W. Rep. 183.

COCKRILL, C. J.    The appellant was indicted for murder.    He undertook to justify the homicide upon the ground of self defense.    He was convicted of manslaughter, upon evidence which clearly justified the ver-

dict, and sentenced to seven years in the penitentiary. He seeks to reverse the judgment of conviction:

1. Because of the court's refusal to give in charge to the jury a request preferred by him upon the doctrine of self defense. But, upon reference to the court's charge, we find that subject sufficiently covered.

1. When steps taken in defendant's absence not prejudicial.

2. Because, it is said, a material step in the progress of the trial was taken in the prisoner's absence. The record shows that the defendant was not under arrest, but was on bond; that, at the close of the first day of the trial, the court announced that, the hour of adjournment having arrived, the taking of testimony would be suspended until the morrow; that, without the knowledge of the court, the defendant walked out of the court room, and was standing with a crowd of men on the sidewalk in front of the court house when the presiding judge administered the statutory oath to a deputy sheriff and placed the jury under his charge, after admonishing them; that the judge's attention was not called to the fact that the defendant was absent at the time these steps were taken, but that immediately thereafter he directed him to be brought into court, and stated to him that the bailiff had been sworn, and the jury, who were still in the box, had been admonished as to their duty in the case, and gave him full opportunity to assert any right he might have in the premises as if nothing had been done in his absence.

If it should be held that a probability of prejudice to a prisoner could be conceived because in his absence the court administered a statutory oath to a deputy sheriff, and admonished the jury as the law requires, it would not be reversible error where the absence is shown to have been through the wilful conduct of the prisoner, and he has had an opportunity to rectify the mischief and regain the lost advantage before the jury has left

the box.  *Mabry* v. *State*, 50 Ark. 498–9 ;  *Gore* v. *State*, 52 *id.* 285.

3.  The defendant testified in his own behalf, but confined his testimony to a single fact tending to sustain his theory of self defense.  One of the attorneys for the prosecution, in his argument to the jury, commented upon the defendant's failure to deny the testimony of two witnesses for the State to the effect that he had made a statement the day of the homicide indicating a desire for an opportunity to kill the person for whose death he was upon trial.  It is argued that this is prejudicial error for which the judgment should be reversed. Acts of 1885, p. 126.*

2.  Defendant as witness.

But the exemption from unfavorable comment upon the silence of a defendant in a criminal cause extends only to one who does not avail himself of the statutory privilege of testifying in his own behalf.  If he takes the stand, he is on the same footing as any other witness.  *McCoy* v. *State*, 46 Ark. 141.  When he has exercised his option to become a witness, he is made competent for all purposes in the case ; and, as was said by the Supreme Court of Maryland in a case like this, "his conduct on the witness stand, and his silence, when testifying, as to matters involved in the pending inquiry, which were certainly within his knowledge, were circumstances which the jury had a right to consider in deciding upon the credit due to the witness, in connection with the other facts proved in the case, and they were, therefore, circumstances upon which the State's attorney had a right to comment in addressing the jury." *Brashears* v. *State*, 58 Md. 568 ; *McFadden* v. *State*, 28 Tex. App. 241 ; *Heldt* v. *State*, 20 Neb. 492 ; *Stover* v.

---

*The act of March 24, 1885, sec. 1, (Acts 1885, p. 126), provides "that on the trial of all indictments," etc., "the person so charged shall, at his own request, but not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him."

*People*, 56 N. Y. 315 ; *State* v. *Tatman*, 59 Iowa, 471 ; *Com.* v. *Mullen*, 97 Mass. 546.

The attorney's reference to the defendant's failure to contradict the witnesses does not warrant a reversal.

**3. Provision for temporary court house.** 4. The last contention worthy of consideration is that the court was not held at the place authorized by law. The court house had been destroyed by fire, and the authorities whose duty it was to act in the premises provided a building just across the street from the former site as a temporary court house. The court was lawfully held therein. *Hudspeth* v. *State*, 55 Ark. 323.

Affirm.