There was a verdict of guilty, and from the judgment thereon defendant appealed.
The facts necessary to an understanding of the decision are stated in the opinion of Associate Justice Burwell.
"This much is certain that no confession by the prisoner is admissible which is made in consequence of any inducement of a temporal nature, having reference to the charge against the prisoner, held out by a person in authority." 1 Roscoe Cr. Ev., p. 42. A witness for the State testified that while he was conveying the prisoner from the place where he and others had arrested him to Elm City, where he was taken before a justice, he said to the prisoner, then in his charge, "If you are guilty, I would advise you to make an honest confession. It might be easier for you. It is plain against you."
It seems to be conceded that this remark of the acting officer to his prisoner held out to him such an inducement to confess, that, if a confession had then been made to the officer immediately in response to the suggestion, such confession would have been clearly (626) inadmissible. There was in what was then said to the prisoner a hope held out to him that a confession would make his punishment the lighter, and confessions thus induced by hope "are, of all kinds of evidence, the least to be relied on, and are therefore to be entirely rejected." S. v.Roberts, 12 N.C. 259.
But no confession came from the lips of the prisoner in answer to this advice tendered to him by his keeper, but in its stead an assertion of his innocence; "he said, `I am not guilty,'" are the words of the witness. *Page 456 
Omitting now any recital of what occurred during the day of this occurrence, except that the prisoner was carried before the magistrate and was committed to jail upon evidence adduced at the examination, we find it stated in the case that his Honor, over the defendant's objection, allowed this same witness to testify to a confession made to him by the prisoner while he was conveying him from the justice's office to the jail. There was no evidence of any withdrawal by the acting officer of the inducement to confess that he had held out to the prisoner while on the way to the magistrate's office, and we now consider the admissibility of this confession as if no other inducement had been used.
Viewing the matter in this way, we think there was error in admitting this confession, for the law, always most careful to ascertain if hope or fear in any degree influenced the prisoner, will attribute the making of the confession to the inducement held out to him by his keeper. And the fact that the inducement seemed at the time to have no effect, and only elicited the reply, "I am not guilty," makes no difference in the rule. If the inducement had been held out to him by one person, and the confession had been made to another, nothing else appearing, the confession might have been admissible, for in that case there might have appeared no connection between the two. But, here, we have a confession made to him who had held out the hope, and while (627) he was in fact exercising the same authority over the prisoner. The assertion of his innocence, in reply to the proposition that he should confess and thus make it easier for him, does not at all prove that the offer of benefit from the officer who had him in charge did not find a lodgment in his mind. If so, what could be more reasonable than that when he found himself on the way to prison in charge of the author of this hope that a confession would alleviate his condition, he should be tempted to act then upon a suggestion that he had rejected when the prospect did not seem to him so dark, and make a confession. Itmay have proceeded from this cause, from this hope so held out to him. If it may have proceeded from that cause, there is no guaranty of its truth, and it must be rejected. S. v. Lawhorne, 66 N.C. 638; S. v.George, 50 N.C. 233.
But there appears in this case, we think, another and perhaps a more cogent reason for the exclusion of this confession. It seems that "quite a crowd had come to the place where the investigation of the matter was had, and after the hearing of the evidence and the decision of the magistrate to commit the prisoner to jail, he was told by the magistrate (Bailey) that `if he was going to tell anything, to tell the truth, that there was evidence enough against him to jail him any way'"; and the record proceeds as follows: "He looked as if he was going to tell something, and we took him upstairs in the store to get clear of the crowd. *Page 457 
This was after the decision of the justice committing to jail. The same four who arrested him were upstairs, and also Mr. Bailey. (The defendant objected to what was said upstairs; objection sustained.) In about an hour we started to Wilson with him." And, no inducement being held out to him, while on the way to the jail, nor any caution being given him, he made the confession which was admitted in evidence.
Now if it be conceded that we are wrong in our conclusion, stated above, that the inducement held out by the officer to the prisoner which elicited the reply, "I am not guilty," was sufficient to exclude (628) the subsequent confession, as heretofore stated, still it seems very clear that that inducement, coupled with what the committing magistrate said to him after he had directed that he should be sent to jail, fully warranted his Honor in excluding the confession said to have been made "upstairs." There was certainly enough said to the prisoner by the officer who arrested him, and by the justice just after he committed him to jail, if considered together, to justify the conclusion that the confession then made was brought about by an influence that rendered it unfit for the consideration of the jury. His Honor, therefore, was right in excluding it.
It is a well-settled rule that if promises or threats have been used, it must be made to appear that their influence has been entirely done away with before subsequent confessions can be deemed voluntary, and therefore admissible. And hence, it having been found that an improper influence was used to obtain the confession that was excluded, and it not having been made to appear that that influence had been in any way removed, the confession made on the journey to the jail to one of the crowd should also have been excluded. S. v. Drake, 82 N.C. 592. The defendant is entitled to a
New trial.