STATE v. HARRIET HARRISON.

*Indictment for Murder—Evidence—Confession by Prisoner, when Admissible.*

1. In determining the competency of a confession, the true inquiry is whether the inducement offered was such as to lead the prisoner to suppose it would be better to confess himself guilty of a crime he did not commit.

2. When a prisoner is advised to tell nothing but the truth, or even when what is said to him has no tendency to induce him to make an untrue statement, his confession, in either case, is admissible, whether made to an officer or a private individual.

3. Upon the trial of a prisoner for murder of her husband, a witness testified that he, as a detective, representing himself as a laborer, went to the house of the prisoner, who told him she was in great trouble, because someone had killed her husband, and that she knew who did it. He then said to her, " You had better tell me all about it. I am a right good old monger doctor. I can work roots and gummer folks, and if you will tell me all about it I can give you something so you cannot be caught." Thereupon she told witness that she procured another to kill her husband : *Held*, that the confession was admissible in evidence on the trial, since the inducement offered, appealed only to her superstition, but was not a temptation to lead her, if innocent, to pretend that she was guilty.

Indictment for murder, tried at the Criminal Court of HERTFORD County, before *Winborne, J.*

The only exception relied upon by counsel in this Court,

was that as to the admissibility of the confessions of the prisoner. It was in evidence that the prisoner was an infirm and diseased old woman.

The State introduced one Thomas as a witness, who testified that he was a detective, and that he went to the house of the prisoner and represented himself as a stave-getter, and that while at the house of the prisoner, she told him that she was in great trouble because someone had killed her husband, and that she knew who had killed him. That he then said to her: " You had better tell me all about it. I am a right good old monger doctor. I can work roots and gummer folks, and if you will tell me all about it, I can give you something so you cannot be caught." Thereupon she told the witness that she got Elisha Reed to kill the deceased. Objection was made to the admission of this confession, made by the prisoner under the inducement offered. The Court overruled the objection, and the defendant excepted and appealed from the judgment pronounced upon the verdict.

*The Attorney General,* for the State.
*Messrs. Pruden & Vann,* for the prisoner.

AVERY, J.: When the competency of a confession is drawn in question, the correct inquiry in every such case is, whether the inducement was such as to lead the prisoner to suppose that it would be better for him to confess himself guilty of a crime he did not commit. *Rex* v. *Gibbons,* 1 C. & P., 97; *Rex* v. *Reason,* 12 Cox C. C., 228; *Rex* v. *Reeve,* 12 Cox C. C., 179. The evil to be apprehended and guarded against is inducing an innocent person to confess guilt through hope or fear.

When the acknowledgment of the truth of inculpating facts is not made under the impression that, whether it is true or false, the mere making of the statement will bring some benefit to, or ward off some danger from, the person

making it, in connection with an accusation of crime against such person, there is no sufficient reason for excluding evidence of the confession. There is no pretence of any power on the part of the witness to control the conduct of the authorities of the State as to instituting or pressing a prosecution for the crime. The witness was not known to the prisoner to be a detective. She stated, without inducement, that she knew who had killed her husband, but it did not follow necessarily that she was guilty as principal or accessory before or after the fact, though the witness seemed to think so. The hope held out to her appealed to superstition, and was calculated to make her believe that the witness, in return for her confidence, would give her some dose that would save her not from prosecution, but from detection. The rule which is generally approved is, that where the prisoner is advised to tell nothing but the truth, or even when what is said to him has no tendency to induce him to make an untrue statement, his confession, in either case, is admissible. *Rex* v. *Court,* 7 C. & P., 595; *Meinaka* v. *State,* 55 Ala., 47; Russell on Crimes, pages 395, 396. It is not material that the witness told her a falsehood in appealing to superstition, since the words used had no tendency to make the prisoner tell what was untrue. *Rex* v. *Thomas,* 7 C. & P., 345; *Rex* v. *Holmes,* 1 C. & P., 248 (4 E. C. L. R.)

If the prisoner had in no way participated in the commission of the crime, she had no reason to fear a disclosure of the truth, which she was invited to tell. The promise to protect, by witchery or cabalism from being "caught," though it was an artifice resorted to to ascertain the truth, offered no temptation, in contemplation of law, to an innocent person to pretend that she was guilty. 3 Russell (9 Ed.) 395; 3 Am. and Eng. Enc., page 481, and note 1. On the contrary, the proposition of the witness was that she should tell him "all about it" (presumably the truth), and not that she should confess her guilt, and it has been held, as a rule, that

a request to tell the truth as to a transaction is not an inducement to an innocent person to pretend to be guilty. 3 Am. and Eng. Enc., page 474, and cases cited; *Meinaka* v. *State*, 55 Ala., 47.

It is not necessary, therefore, to enter upon the discussion of the interesting questions whether, in the absence of absolute duress, the invitation to confess guilt, when given by a person not in authority, is deemed to be such an inducement as will exclude a confession as involuntary, or whether statements made to such person are admissible, if at all, under a rule different from that obtaining where the prisoner is communicating with an officer, or one connected with the administration of the law. If, in contemplation of law, no sufficient inducement is offered to tempt the prisoner to falsely pretend that he is guilty, it is immaterial whether his statement is made to an officer or a private individual. The motion for a new trial was properly refused. The judgment is affirmed.          Affirmed.