JOHN BEVILLE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—COUNTY SEAT—COURTS TO BE HELD AT—PARTICULAR BUILDING AT COUNTY SEAT IN WHICH COURT IS HELD DOES NOT ENTER INTO VALIDITY OF COURTS PROCEEDINGS—ABANDONMENT OF ASSIGNMENTS OF ERROR BY FAILURE TO BRIEF THEM.

1. Under the provisions of section 1805 General Statutes of 1906, the regular terms of the several circuit courts are required to be at the county seats of the respective counties. A county seat or county town is the chief town of a county, where the county buildings and courts are located and county business transacted. The particular building at or in the county seat or town in which the court is held does not enter into the courts proceedings as a factor as to their validity so long as such building is located at the county seat or town. It is usual and best to have a regular court house at the county seat for the holding of courts, etc., but if the county is temporarily without a regular court house, the courts may be regularly held in any building, or even in a tent, at the county seat.

2. Under the provisions of section 1579 General Statutes of 1906, where the judge for any cause shall quash the panel of grand jurors summoned to serve at a term of court, he has full power to have a new panel drawn either from the jury-box or from the body of the county at large, and any proper indictment found by such grand jury will be upheld.

3. An assignment of error that is not argued in the briefs of counsel—the only mention of which in the briefs is a statement that it will be argued orally, will be treated as abandoned.

This case was decided by Division B.

Writ of error to the Circuit Court for Sumter County.

The facts in the case are stated in the opinion of the court.

*Thomas Palmer, J. C. B. Koonce* and *J. H. Jones,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error John Beville under an indictment charging him with murder in the first degree was tried and convicted of murder in the third degree in the circuit court of Sumter county, and seeks reversal of the judgment and sentence imposed by writ of error.

The defendant pleaded in abatement to the indictment on the ground that the grand jury that found the indictment had been illegally summoned and empaneled. The following facts appear from the minutes of the court embodied in the plea in abatement as a part thereof.

The court convened at the time fixed by law for the fall term in said county at the county site in the town of Sumterville, but the court was held in a building not the regular court house, in which building the grand and petit jurors were drawn for that term of the court, and in which building said grand jury returned an indictment against the defendant charging this same offense, but to this indictment the State's Attorney confessed a plea in abatement predicated on the holding of the court in the wrong building. Whereupon the court quashed said indictment, and the grand jury that returned it, and moved over into another building at said county site designated by the county commissioners as the place to hold the term of court and in said new building continued the holding of said term and there issued a venire for thirty-six persons to be drawn from the body of the county at large to

serve as grand and petit jurors at that term of the court;
and from such thirty-six jurors so drawn the court drew
eighteen names to serve as a grand jury—and this grand
jury presented the indictment assailed by this plea.    To
this plea the State's Attorney interposed a demurrer
which was sustained by the court, and this ruling consti-
tutes the first assignment of error.    It is contended here
that the term of the court at which this indictment was
presented did not commence until the 4th day of No-
vember, 1909, when the court removed into the new build-
ing from the old one in which the term was first begun to
be held, which date was several days after the date fixed
by law for the beginning of said term, and that it was,
therefore, in effect, a special term of the court and that
the judge had no authority to draw a grand jury from the
body of the county at large for such special term, and
that, therefore, the grand jury that found this indictment
was illegal.    There is no merit in this contention and the
court below committed no error in sustaining the State's
demurrer to these pleas in abatement.    Section 1805 of the
General Statutes of 1906 provides that: "The regular term
of the several circuit courts shall be held at the county
seats of the respective counties." A county seat or county
town is the chief town of a county, where the county build-
ings and courts are located and county business trans-
acted.    11 Cyc., 366.

The particular building at or in the county town in
which the court is held does not enter into the courts pro-
ceedings as a factor as to their validity so long as such
building is located at the county seat or town. Of course
it is usual and best to have a regular court house at
county seats for the holding of courts, etc., but if the
county is temporarily without a regular court house, the
courts may be regularly held in any building, or even in

a tent, at the county seat. So that when this court convened in one building at the county seat, at the proper time fixed by law for the convening thereof, and after holding part of the term there removed into another building still at the county seat, such removal and re-assembling in the new building was but a continuation of the same term of the court begun in the first building, and the judge having quashed the grand jury summoned to serve at that term of the court had full power under the provisions of section 1579 General Statutes of 1906, to have a new panel drawn either from the jury box or from the body of the county at large, and any proper indictment found by such grand jury will be upheld.

Assignments of error second to twenty-second inclusive and the thirty-first and thirty-second assignments are not argued in the briefs filed here—the only mention of them in the briefs being the statement that they will be argued orally. As was held in the case of Mitchell v. Mason, decided here at the present term, we must hold these assignments to be abandoned for the reasons stated in the cited case.

The twenty-third and twenty-seventh assignments of error complain of the following excerpt from a lengthy charge on the subject of self defense: "A man who takes life and relies on the doctrine of self defense he does so at his peril"—As an abstract proposition of law the challenged paragraph of this charge may be an inaccurate enunciation of the law, but when considered in connection with the rest of the charge of which it forms a part,—we fail to see how the jury could have been misled thereby. Evidently the judge intended to convey to the jury the idea thereby that if a party acts upon appearances of danger to his own life and takes human life on such appearances, he does so at his peril—and we think that the

challenged quotation from the charge when considered in connection with all the rest of the charge of which it forms a part did convey the correct idea to the jury.

The twenty-fourth and twenty-eighth assignments of error complain of the ninth charge of the court to the jury as follows:

"If you find from the evidence that there was a personal difficulty and that the defendant unlawfully and intentionally brought about the difficulty, and was the aggressor in the difficulty, then he cannot invoke the doctrine of self defense, unless there is something in the evidence clearly to show that he had abandoned the difficulty, and while he may not be guilty of murder in the first degree, it is for you to say from the evidence whether he was justified or not before he can be acquitted of all liability for the consequences."

This charge is somewhat awkwardly worded, but we fail to see wherein it states the law improperly, or wherein the jury could have been misled thereby into an erroneous finding upon the facts in proof.

The twenty-fifth and twenty-ninth assignments of error challenge the fourteenth charge given by the court to the jury. This charge gave to the jury the statutory definition of murder in the third degree and it is objected to here because it does not give to the defendant the benefit of a reasonable doubt. It is true that nothing is said in this particular charge about reasonable doubt, but we cannot for that reason pronounce it to be erroneous, inas much as the court in other charges instructed the jury fully upon the law of reasonable doubt.

The twenty-sixth and thirtieth assignments of error complain of the sixteenth charge of the court to the jury, which charge was as follows: "The jury are the sole judges of the credibility of the witnesses, and of the weight and sufficiency of the evidence. In considering and weighing

the evidence the jury should use the same judgment, reason and common sense and general knowledge of human affairs as you use in every day life. You shall allow no matter whatever to influence you in the discharge of your duty except the evidence in this case and the law as the court instructs. You shall not be influenced by any sentiment of passion, prejudice, bias, relationship, but as honest men select to discharge your duty as jurors." The contention here is that this charge is faulty, because it tells the jury in effect to ignore the arguments of counsel and the comment and analysis of the evidence by the attorneys. We think that this contention is a hyper-critical construction of the charge—and do not think that it is objectionable on the ground stated.

These are all the assignments of error presented in the briefs filed here—and finding no reversible error in any of them, the judgment of the court below in said cause is hereby affirmed at the cost of Sumter County, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.