LAW v. FALLS.

Opinion delivered October 6, 1913.

COUNTIES—COUNTY SEATS—COURTHOUSE.—Under Act 100, page 188, of the Acts of 1875, Yell County was divided into two judicial districts, and provision made for the establishment of a seat of justice at Dardanelle. The act became effective and the courthouse at Dardanelle being destroyed by fire, held, a seat of justice having been established at Dardanelle, the county court had authority to direct the erection of a new building for the use of the courts of the district.

Appeal from Yell Circuit Court, Danville District; *Hugh Basham,* Judge; affirmed.

STATEMENT BY THE COURT.

In 1875 the Legislature passed an act providing for holding separate chancery, circuit and probate court at Dardanelle, in Yell County, but the act did not interfere with the holding of any of the courts at Danville, the then, and the present, county seat. The act divided the county into two judicial districts and provided that the jurisdiction of the courts of the Dardanelle District should extend over that district the same, and in like manner, as if said district was a constitutional county of this State, and the clerk of those courts was required to keep an office at Dardanelle with the seal of office; and

public records were required to be provided in which to record all those instruments which the law requires to be placed of record. After providing in detail for the establishment of the district the following proviso was added to the act:

"Provided, that all business shall continue to be transacted in said county as is now provided for by law, and until the said commissioners named in the third (3) section of this act have reported that they have a courthouse in readiness for the purpose of holding the circuit and probate courts of the Dardanelle District, and as soon thereafter as the said commissioners procure a courthouse for the holding of the courts in the Dardanelle District, then the courts shall be holden and the business conducted in all respects as is by law required to be done at the county seat of said county, and it shall be the duty of the presiding judge of the county court to order and direct the clerk of the circuit court to prepare the circuit court records, and the circuit and chancery courts of the county of Yell for the two said districts, shall be held at such time as may be provided by law."

The citizens of Dardanelle met the conditions imposed by the Legislature and the act became effective, and the business of that district has been transacted continuously since, in conformity with the terms of this act. But the courthouse was destroyed by fire, except that the fire-proof vault containing all the public records was not destroyed.

On April 12, 1913, the county court, by an order entered of record, took initial steps to build a courthouse and jail at the expense of the county. Commissioners formed plans and let the contract subject to the court's approval, and the court appropriated $25,000 for building purposes. Before the commissioners reported, or other steps were taken, J. B. Law and other citizens and taxpayers of that county were, upon their written petition, made parties and allowed to defend against such improvement, and filed their motion to set aside and revoke the order. On June 20, 1913, the court denied

appellant's motion to set aside its former order, approved the plans prepared and submitted by the commissioners, and ordered the contracts let, and appellants appealed to the circuit court. The case was tried in the circuit court where the judgment of the county court was affirmed, and motion for new trial having been filed and overruled, exceptions were duly saved and this appeal taken.

Appellants contend the court had no authority to have built or to provide for more than one courthouse, and that that building must be at the seat of justice of the county, which means the county seat; and that by the terms of the act of 1875, by which the court was established, the county was exempted from the burden of providing or maintaining a courthouse in the Dardanelle District. The question in the case, therefore, is, whether the county court had the power to order a courthouse and jail built in the Dardanelle District, and charge the county with the cost thereof.

*Priddy & Chambers* and *J. F. Sellers,* for appellants.

1. Laws creating liabilities against counties are strictly construed. They are not to be made liable beyond the strict letter of the law. 11 Cyc. 390; 35 Pac. 97; 24 N. E. (Ill.) 626; *Id.* (Ind.) 138; 60 Am. St. Rep. 518; 1 Dil., Mun. Corp., 450, § 237; 86 Pac. 1022; 3 N. E. 848; 95 S. W. 1032; 32 Ark. 45.

The only law authorizing the building of courthouses is found at section 1009, *et seq.,* Kirby's Digest, and unless authority to build two or more courthouses is to be found there, it does not exist. 63 Ark. 402; 18 S. W. 1144; 36 Am. St. Rep. 439; 37 Pac. 484. The grant of power to the county court to build a courthouse at the county seat is a limitation on the power of the court, and effectually prohibits it from building one at any other place. 45 Ark. 524; 79 Ark. 235; 60 Ark. 343-355.

2. The statute, Kirby's Dig., § 1009, provides for the erection in each county, at the established seat of justice, of a good and sufficient courthouse and jail. "Seat of justice" and "county seat," as used by our

lawmakers, are interchangeable terms, and mean the same thing. When the statute was enacted in 1835, it was then customary to designate the county town as the seat of justice, but it meant then, as it means now, the county seat. The seat of justice of Yell County is Danville. .20 S. W. 501, 502; 102 Ark. 281; act creating Lonoke County, Acts 1873, p. 102; Const. 1874; 5 Ark. 20; act creating Grant County, Acts 1869, p. 34. See also Acts 1869, p. 74; 75 S. W. 93; 25 Am. & Eng. Enc. of L. (2 ed.), 156.

3. The act creating the Dardanelle District, Acts 1875, p. 188, expressly provides (§ 18) that the courthouse shall be furnished by that district, and exempts the county from it as a public burden. The county court is powerless under the law to charge the county with the expense of erecting the proposed building. 15 Mo. 600; 36 Cyc. 1190.

*Bullock & Davis,* for appellees.

1. For a full interpretation of the powers and duties of the county court under the statute, see 93 Ark. 11; see also, 63 Ark. 397; 68 Ark. 340; 73 Ark. 523.

It is conceded that Dardanelle is not a county seat, but it is an established seat of justice, under the act creating the Dardanelle District; and in contemplattion of law is "the established seat of justice in said county for the Dardanelle District." 16 N. W. 876; 16 S. W. 489; 84 Miss. 536. The "established seat of justice" is not always nor necessarily a county seat, and by the use of this broader term, the Legislature doubtless intended to meet emergencies that might arise requiring a courthouse at a different place from the county seat. 60 Ark. 343; 75 Tex. 136.

2. There is no merit in appellant's contention to the effect that the expense of rebuilding the destroyed courthouse is one to be met by the people of the Dardanelle District alone, and that the county court is without power to erect the same at the expense of the whole county. The amount paid by the Dardanelle District pursuant to the act creating the district has performed

its functions, and the people of that district are under no further obligation to contribute to the rebuilding of the courthouse other than that resting upon the people of the whole county. Moreover, any attempt by the Legislature to create a continuing burden upon the Dardanelle District to maintain the courthouse would have been invalid and not enforceable, because repugnant to the Constitution. 57 Ark. 554; 80 Ark. 150; 55 Ark. 323.

SMITH, J., (after stating the facts). It will be observed that the act establishing the district requires only that the Dardanelle District procure a courthouse, and it is not made a condition precedent to the continued existence of the district that the courthouse shall be maintained. When the conditions of the act were met the district became an entity, and now exists and will continue to exist, until abolished by the Legislature, whether the courthouse is ever rebuilt or not. Under the law, the courts may be held temporarily at some place in Dardanelle until a permanent courthouse is constructed, whether the cost of the construction be met by the county or by the district, and the jurisdiction of these courts, and the validity of their orders, judgments and decrees will not depend on the erection of a building as a courthouse. *Hudspeth* v. *State*, 55 Ark. 323.

Nor will the validity of any record be impaired because there now stands in Dardanelle only the fireproof vault over which the courthouse was burned down.

Appellant insists that in the absence of express legislative authority, the county can build a courthouse only at the county seat, and that "seat of justice," as used in section 1009, of Kirby's Digest, means the "county seat," because at the time of its passage there was only one place where courts were held, and it was the seat of justice, and that was the county seat. But, however nearly "seat of justice" and "county seat" are synonymous, it is apparent that a seat of justice is not always a county seat, although a county seat is perhaps always a seat of justice.

When this act became effective, upon the building of

the courthouse, Dardanelle became a seat of justice, for here the courts sat and administered justice, and the public officers kept their offices and performed the functions of their offices. *Whallon* v. *Ingham,* 16 N. W. 876; Words and Phrases, vol. 7, p. 6376; *Jesse Hinton* v. *Perry County,* 84 Miss. 536; *State ex rel.* v. *Hughes,* 16 S. W. 489.

And being thus a seat of justice there existed the same authority to build a new courthouse at Dardanelle that there would have been to build a new one at Danville. Section 1009, Kirby's Digest.

The existence of this seat of justice could not depend upon the occurrence or extent of a fire, and Dardanelle being the established seat of justice in said county for the Dardanelle District thereof, the authority exists under the law for the county court's order, directing the erection of a new building, and the judgment of the court below is therefore affirmed.