GORDON DENMARK AND BERTA HALL, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed April 17, 1928.

758

*R. E. Stillman* and *Samuel B. Wilson,* for Plaintiffs in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant, for the State.

ELLIS, C. J.—The plaintiffs in error were convicted of the murder of James Hall, the husband of Berta Hall, one of the plaintiffs in error. To the judgment and sentence of death they took a writ of error. Assignments of error were

filed in this Court in behalf of the defendants severally but there is no brief here upon the assignments in behalf of Gordon Denmark. A brief was filed in behalf of Berta Hall and the case orally argued by her counsel on February 1, 1928.

As to Gordon Denmark, the assignments of error may be treated as abandoned. See Beville v. State, 61 Fla. 8, 55 South. Rep. 854; Cannon v. State, 62 Fla. 20, 57 South. Rep. 240; Smith v. State, 65 Fla. 56, 61 South. Rep. 120; Lambright v. State, 34 Fla. 564, 16 South. Rep. 582; Holland v. State, 39 Fla. 178, 22 South Rep. 298; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Lamb v. State, 50 Fla. 106, 38 South Rep. 906; Cross v. State, 89 Fla. 212, 103 South. Rep. 636; Davis v. State, 87 Fla. 505, 100 South. Rep. 739.

The assignments of error in behalf of Berta Hall may likewise be treated as abandoned by strictly applying the rule because the brief contains no argument, principle of law, or citation of authority in support of the assignments. Where the brief upon an assignment of error consists merely of a statement that the ruling complained of is erroneous it cannot be considered as an argument on the point. This Court has often called attention to that interpretation of the rule. It follows that when there is a mere amplification of the statement but which in the last analysis amounts to nothing more than a bare challenge or objection to the ruling it cannot be considered as argument.

The fourteen assignments of error made in behalf of Berta Hall may under the rule be considered as abandoned, but in view of the serious nature of the case, the comparatively youthful age of the defendants, the unfeeling cruelty of the act with which they were charged and convicted, which seemed to show them to be calloused to every gentle impulse, we have examined the record to discover error that may be considered harmful.

The case, as shown by the bill of exceptions, was briefly as follows: The deceased, James Hall, husband of Berta, was killed June 6, 1926, in front of his store, which was located in the northern part of the city of Jacksonville, at Twenty-sixth street and Cleveland avenue. The killing occurred Sunday morning about one o'clock A. M. According to the physician's description of the wounds inflicted upon the man's face and head which produced his death he was fired upon at close range by a person who used a shot gun. The defendant Denmark fired the shot. Pursuant to a plan formed by him and Berta to kill her husband he waited for his victim for a long while under or near a flight of steps which were built on the outside of the store building as the means of access to the second floor above which was used as an apartment house. Berta Hall and her husband lived in the same building, probably on the ground floor. The deceased conducted a grocery store in that building. He had just returned from delivering goods. A man named Woods, who lived in the same building on the second floor, returned with Hall. They both went upstairs. After a short time Berta Hall came upstairs to Woods' room and asked her husband to come down to the store as she was afraid to be there alone. Hall then descended the stairs to the sidewalk in front of his store. Denmark was concealed under the staircase waiting for Hall. When the latter came down the stairs to the sidewalk Denmark shot him. When Woods heard the explosion of the gun he came down immediately to the sidewalk and found Hall lying where he had fallen. Berta and her sister were in the store. The former asked her sister and Woods to go for Denmark who lived around the corner on another street.

Denmark confessed that he committed the murder. He said that he had been persuaded to do it by Berta, who

supplied him with the shot gun and told him when to shoot; that the matter was planned by them and that night when Hall returned she said to Denmark that she would go upstairs and get Hall to come down and that when he came Denmark should shoot him. Hall came down, and according to Denmark, stumbled, tripped, or unbalanced from drunkenness, fell to the sidewalk, while lying there Denmark shot him. All of this Denmark confessed. The confession of murder in which Denmark implicated Berta Hall was confirmed by her in a confession to officer Smith, in which she said, alluding to Denmark: "If I had known the damned fool didn't have sense enough to keep his mouth shut I would have killed him (alluding to her husband) myself."

In this connection it may not be out of place to say that the defendant Gordon Denmark offered by his counsel to introduce evidence to show that the confession made by him to officer Smith was induced by a fraud practiced by the police in allowing a person who pretended to have the power of divination to enter the defendant's cell at the jail and by the use of playing cards so worked upon the feelings of the ignorant, superstitious youth that he was induced by fear and the hope of bettering his spiritual condition to confess as he later did to officer Smith.

That evidence should have been admitted. It was error to have excluded it in that all the circumstances attending an extra judicial confession should be received that the court may determine its admissibility and the jury consider its value. See 3 Ency. of Ev., 346-347; Gantling v. State, 40 Fla. 237, 23 South. Rep. 857. But we think the error was harmless so far as the defendant Berta Hall was concerned, as the story however obtained and for whatever motive told, was in all essential respects confirmed by her and confessed to be true. As to the other defendant, whose

confession it was, it was harmless because it is ordinarily some such motive or impelling mental force which induces every confession of crime. Besides when on the stand as a witness he told without objection the whole story of how the confession was obtained.

It is fear of material or physical harm, or hope of material reward which renders a confession inadmissible. In the case of People v. Smalling, 94 Cal. 112, 29 Pac. Rep. 421, a voluntary confession of murder which appeared to have been made to free the defendant's sister then under arrest for the crime, from suspicion was held to be admissible. And in Woolfolk v. State, 85 Ga. 69, 11 S. E. Rep, 814, a confession not made to any one but in prayer and overheard was held to be admissible.

A confession voluntarily made but procured by artifice, falsehood, or deception is admissible. See Rex v. Derrington, 2 Carr. & P. 418, 12 Eng. C. L. Rep. 650; Levison v. State, 54 Ala. 520; Stone v. State, 105 Ala. 60, 17 South. Rep. 114; Cornwall v. State, 91 Ga. 277, 18 S. E. Rep. 154; Gates v. People, 14 Ill. 433; State v. Brooks, 92 Mo. 542, 5 S. W. Rep. 257; State v. Rush, 95 Mo. 199, 8 S. W. Rep. 221; Heldt v. State, 20 Neb. 492, 30 N. W. Rep. 626, 57 Am. Rep. 835; People v. Wentz, 37 N. Y. 303; State v. Harrison, 115 N. C. 706, 20 S. E. Rep. 175; Commonwealth v. Cressinger, 193 Pa. St. 326, 44 Atl. Rep. 433; see also Burton v. State, 107 Ala. 108, 18 South. Rep. 284.

If any inducement was held out to the defendant by means of the tricks with cards it does not appear that the person performing the tricks was one in authority or in any wise connected with the prosecution or the accused, who might, considering such relation, have reasonably been led to suppose that such person could procure the material benefits promised. A confession procured by spiritual exhortation is competent. See Commonwealth v. Goodrich,

186 Pa. St. 218, 40 Atl. Rep. 412, 65 Am. St. Rep. 852; 3 Ency. of Ev. 321.

Upon cross-examination of the witness Smith, who told of the confession by both Denmark and Berta Hall, the latter's confession was again told in detail and much more than she said about Hall's maltreatment of her. She said that her husband treated her with "brutality and meanness" when he was drunk, and that he was drunk Saturday afternoon and night and was "lying there on the sidewalk drunk when he was shot." On that examination she confirmed again the confession of Denmark in every essential particular.

C. C. Cothran was called by the State in rebuttal and testified that Denmark had offered the witness a hundred dollars to kill Hall. In the brief counsel contended that the evidence should not have been admitted. No objection or exception was made or taken to the evidence so the point is not presented. The order in which evidence is produced at a trial in any case however is discretionary with the court and will not be interfered with unless clearly abused. See Barber v. State, 5 Fla. 199; Thomas v. State, 47 Fla. 99, 36 South. Rep. 161; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Barker v. State 74 Fla. 95, 76 South. Rep. 676.

It is unnecessary to discuss the relations existing between the two defendants and the horrible life which, according to the woman's testimony, she had been compelled to live with her drunken and brutal husband, out of which her relations with Denmark and her hard life with Hall, apparently grew the desire to kill the latter. She was about twenty-eight years of age. According to her testimony her life with Hall for a long while had been a continuous tragedy in which she was the victim of drunken frenzy, the body servant of her bestial partner. The situation continued until about a year before the homicide when the

man's conduct toward his wife became almost savagely cruel. As she expressed it, she ''just had to run'' continuously ''for my (her) life.'' She had borne him three children; two of them are living, the youngest about five years of age. She had seen her husband beat those children and bruise them with heavy blows and was afraid to oppose him. In this extreme, when Hall in his antagonism to her, his ferocious temper increased by a day's drinking—threatened to kill her and the children ''before morning,'' she sought the assistance of Denmark to kill him. She mistook her remedy. It was unlawful to resort to a shot gun and murder.

The jury heard the whole story of the woman's unhappy life and pathetic helplessness in her fight with her husband for her life and the lives of her children. The jury had before them all the circumstances as she related them in her crude, uncultured, semi-literate way, and decided that she and Denmark were guilty of a premeditated design to unlawfully kill Hall and acted upon it. The evidence was sufficient to support the verdict and we have discovered no error of law in the trial.

So, the judgment of the court is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.