JOSEPH COSTA *vs.* CHARLES S. REED, WARDEN.

\* Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

\* Transferred from the First Judicial District.

Argued April 23d—decided June 22d, 1931.

*Francis P. Guilfoile,* for the applicant.

*Walter Holcomb,* State's Attorney, for the respondent.

AVERY, J. The application for the writ is made by Joseph Costa, claiming that he is unlawfully imprisoned by the warden of the Connecticut state prison. The warden filed a return, setting forth that the applicant was detained by virtue of a mittimus of commitment dated November 15th, 1929, and issued by order of the Superior Court, then holden in and for Litchfield County, reciting his conviction November 13th, 1929, for the crime of injury by dynamiting, and

a sentence of imprisonment in the state prison. To this return, the applicant answered that the warrant of commitment was void because it was issued from an alleged criminal session of the Superior Court, purporting to have been held in the town of Winchester in Litchfield County November 15th, 1929, and that Chapter 232 of the Public Acts of 1929 provides that criminal sessions of the Superior Court for Litchfield County shall be held in the town of Litchfield. The answer further averred that the judge presiding over the September criminal session of the Superior Court in Litchfield adjourned the session from Litchfield to Winchester, and there, assembled with the clerk and other court officials, attempted to try the applicant, and that the Superior Court had no jurisdiction, since it was not held at the place and time authorized by law, namely, the town of Litchfield.

To this answer, the respondent filed a reply, admitting that the September criminal session of the Superior Court for Litchfield County was adjourned from Litchfield to Winchester; and, by way of second defense, alleged the following: On the first Tuesday of September, 1929, the county courthouse at Litchfield, and the Superior Court room therein, were unusable for the purpose of holding court because of extensive repairs then being made, and continued so to December 10th, 1929. There were no places, during this period, suitable, adequate and obtainable in the town of Litchfield for the purpose of holding criminal sessions of the Superior Court. At Winsted, town of Winchester, Litchfield County, there was and is a Superior Court room regularly used for the trial of civil causes and suitable for the trial of criminal cases. On the first Tuesday of September, 1929, at which time the session for the transaction of criminal or civil business was fixed by statute to open, the court was, at the

direction of the *Honorable Edwin C. Dickenson,* judge thereof, assigned to hold the same, opened at Litchfield and adjourned to Winsted, where it was thereafter opened and adjourned from time to time until November 13th, 1929, when the court was open and in session. The State's Attorney for Litchfield County duly gave and sent out notices in writing to parties accused of crime named in the trial list of criminal cases, and to their attorneys to appear before the court in the courthouse at Winsted on Wednesday, October 2d, 1929, at ten o'clock in the forenoon, and plead to the information for which they were charged, and make their election of trial to court or jury—a copy of which trial list is annexed to and made part of the second defense. On or about October 21st, 1929, the applicant, with two others, was arrested in Torrington, Connecticut, and held on the charge of attempting to cause injury to the person and property of Thomas J. Wall, and family, in Torrington, by the use of an explosive compound, placed and exploded against his dwelling-house. Later, about October 31st, 1929, the applicant was put to plea in the town of Winchester in Litchfield County in the courthouse in Winsted on this charge, and pleaded not guilty, and elected to be tried by the court. On November 13th, 1929, the applicant was presented in court in the courthouse in Winsted, and trial of the action was started, and evidence was heard and concluded November 15th, 1929. At the conclusion of the trial, the applicant was, by the Superior Court, found guilty as charged in the information, and sentenced to a term of imprisonment in the Connecticut state prison at Wethersfield for not less than ten nor more than fifteen years. During all of the trial and at the conclusion thereof, Costa was represented by counsel, who cross-examined witnesses for the State, and examined witnesses on behalf

of the applicant, who himself took the witness stand and testified. No question or doubt or claim was expressed either by the accused or his attorneys to the Superior Court or the judge thereof, or arose in or during the course of the trial, that the Superior Court was without right, authority or jurisdiction to hear and dispose of the prosecution under the information at Winsted. The crime charged in the information was committed in the town of Torrington in Litchfield County as alleged in the information, and postponement of the trial of the applicant until completion of the courthouse at Litchfield would have deprived him of that speedy trial guaranteed to him by the Constitution of the United States and the Constitution of the State of Connecticut. Following the conclusion of the trial and the passing of sentence upon him, the accused, November 19th, 1929, by his attorneys, gave notice of appeal, and filed a draft of a proposed finding. On December 2d, 1929, the State's Attorney filed his request for a counter-finding, and December 10th, 1929, the judge of the court filed his finding, a copy of which is annexed to and made a part of the answer. Since that time, no steps have been taken to perfect the appeal.

To this reply of the respondent, the applicant demurred, and the substance of his demurrer is that § 2 of Chapter 232 of the Public Acts of 1929 (appended in the footnote), providing for civil and criminal terms

Section 1. There shall be a term of the superior court for the transaction of both criminal and civil business, held annually on the third Tuesday of September in the county of Hartford, at Hartford; in the county of New Haven, at New Haven and Waterbury; in the county of Fairfield, at Bridgeport and in the county of New London, at New London.

Sec. 2. In each of the counties of Litchfield, Middlesex, Windham and Tolland there shall be, annually, one term of the superior court for the transaction of both criminal and civil business, which shall open coincidentally with the opening of the session held next after

and sessions of the Superior Court, requires that the sessions for criminal business on the first Tuesday of

the month of August in each of said counties. Sessions for the transaction of criminal or civil business shall be held annually in the county of Litchfield, at Litchfield, on the first Tuesdays of September, January, April and June, provided any one of said sessions may be adjourned to Winsted or New Milford for the transaction of civil business; in the county of Middlesex, at Middletown, on the second Tuesday of September and on the first Tuesdays of November, March and June; in the county of Windham, at Windham on the first Tuesdays of December and February, and at Putnam on the fourth Tuesday of September and the first Tuesday of May and in the county of Tolland, at Rockville, on the first Tuesdays of September, January, April and June. Unless otherwise ordered by the judge presiding at such sessions, the criminal business shall precede the civil.

Sec. 3. There shall be such sessions of the superior court, except as otherwise provided in sections two, four and five of this act, held annually in each of the several counties of the state at such times and places and for such duration of time, as shall be fixed and determined by the judges of the superior court at their annual meeting in each year, provided sessions in the county of Hartford shall be held only at Hartford; in the county of New Haven, at New Haven and Waterbury; in the county of Fairfield, at Bridgeport and Danbury; in the county of New London, at Norwich and New London; in the county of Litchfield, at Litchfield, New Milford and Winchester; in the county of Middlesex, at Middletown; in the county of Windham, at Putnam and Willimantic and in the county of Tolland, at Rockville.

Sec. 4. The judges of the superior court shall provide for the giving of reasonable notice of the times and places of holding such sessions and, at their annual meeting in each year, shall assign the judges to hold such sessions, and the chief justice shall have power to assign any judge to supply any vacancy occurring in any such assignments made by the judges and to assign any judge who has completed his assignment in any county or, in the event of an emergency, to another assignment. Any judge of the superior court may hold a special session for the trial of civil or criminal causes and the disposition of civil or criminal business at any time upon the designation of the judges of the superior court or of the chief justice, notwithstanding that another judge has been assigned to hold court at the same time and place, or that no assignment of any judge has been made for such time and place; provided no contested issue in a civil or criminal case shall be tried except by written agreement of parties or their counsel, unless ten days' notice of the time and place of such session shall be given. Said judges shall provide, so

September, January, April and June be held at Litch-
field; and that the judge holding the session had no
power or authority to open court at Litchfield and
then adjourn to Winchester in that county, and there
continue the session; and that the judgment of the
Superior Court is void because the court was held at
Winchester and not at Litchfield as provided by law.

Upon stipulation of the parties, the cause was re-
served for the advice of this court and the questions
propounded, so far as necessary to be noticed, are as
follows: (a) What disposition should the trial court
make of the demurrer to the reply? (b) Did the court
have jurisdiction to hold a session for the transaction
of criminal business at any other place than the town
of Litchfield in the county of Litchfield? (c) Under
the circumstances shown by the finding, and under the
law, was the September, 1929, session of the Superior
Court legally held at Winsted?.

From the allegations of the second defense of the
reply, it appears that on the first Tuesday of Septem-

---

far as it may be practicable and necessary and consistent with the
performance by each judge of the usual circuit duty, for the presence
of a judge in each of the counties to hold short calendar sessions
under such regulations as such judges may, from time to time, estab-
lish, which regulations shall provide for at least one short calendar
session in each county in each month during the year, except the
months of July and August.

Sec. 5. Each session of the criminal superior court may hear and
determine both criminal and civil causes. At each such session,
upon the conclusion of the criminal business before said court, or
during a recess of the court in the disposition of such criminal busi-
ness, the presiding judge or, in the event of his disability for any
cause, any other judge of the superior court, upon the designation
of the chief justice, or of the judges of the superior court, may dis-
pose of civil jury business before the same or another jury duly
summoned, or, if the jury business shall not be ready, civil business
to the court.

Sec. 6. Sections 5451, 5453, 6625, 6626 and 6627 of the general
statutes, chapter 67 of the public acts of 1923 and chapter 119 of the
public acts of 1925 are repealed.

ber, 1929, at the time the session for the transaction of civil or criminal business was fixed by statute to open, the county courthouse and the Superior Court room therein at Litchfield were unusable for the purpose of holding court because of extensive repairs then being made, which condition continued to December 10th, 1929. It is further alleged that there were no suitable places obtainable in the town of Litchfield for the purpose of holding criminal sessions of the Superior Court; and that at Winsted, there was a Superior Court room regularly used for the trial of civil causes and suitable for the trial of criminal cases. Under these circumstances, the judge was confronted with an unavoidable emergency which made it necessary to hold the court in some building other than the courthouse at Litchfield. We think the better reasoning supports the view that in case an emergency arises which renders a courthouse unsuitable for use, as by reason of its destruction by fire or extensive repairs being made to the building, the court may be lawfully adjourned to another building in the same town, in case one is available. *Litchfield Bank* v. *Church,* 29 Conn. 137, 147; *Matter of Moran,* 203 U. S. 96, 27 Sup. Ct. 25, 26; *Brookhaven Lumber & Mfg. Co.* v. *Adams,* 132 Miss. 689, 97 So. 484, 485; *Beville* v. *State,* 61 Fla. 8, 55 So. 854, 855; *Mell* v. *State,* 133 Ark. 197, 202 S. W. 33; *Lee* v. *State,* 56 Ark. 4, 19 S. W. 16; *Hudspeth* v. *State,* 55 Ark. 323, 18 S. W. 183; *Funk* v. *Carroll County,* 96 Iowa, 158, 64 N. W. 768; *Lane* v. *State,* 59 Tex. Crim. 595, 129 S. W. 353, 360; *People* v. *Thorn,* 156 N. Y. 286, 50 N. E. 947, 951; *Law* v. *Falls,* 109 Ark. 395, 159 S. W. 1130, 1131; *Hamblin* v. *Superior Court,* 195 Cal. 364, 233 Pac. 337, 43 A. L. R. 1509, 1542.

General Statutes, § 5425, provides: "COURT ACCOMMODATIONS. The county commissioners shall provide

suitable quarters and furniture necessary for holding the Superior Court and Court of Common Pleas in their respective counties when there is no suitable place therefor. . . ." This section was in force in 1929. It is to be noted that the Act appended in the footnote repeals a number of statutory provisions, but does not expressly repeal § 5425, nor does it contain any general repealing clause. There is no repugnancy between the statutes; and we think there is no repeal by implication. Such repeals are not favored, and when an earlier and later statute can be reconciled, it is the duty of the court to so construe them that the latter may not operate as a repeal of the former. *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, 447, 53 Atl. 960; *State ex rel. Wallen* v. *Hatch,* 82 Conn. 122, 125, 72 Atl. 575; *Root* v. *Connecticut Co.,* 94 Conn. 227, 235, 108 Atl. 506; *Walsh* v. *Bridgeport,* 88 Conn. 528, 534, 91 Atl. 969; *Walgreen Co.* v. *Industrial Commission,* 323 Ill. 194, 153 N. E. 831, 48 A. L. R. 1199, 1201. As there was no building at Litchfield suitable for holding the session of the Superior Court, the judge assigned to hold the same could, under the emergency then existing, lawfully adjourn to another suitable courthouse already provided by the county commissioners in the county. The court so held at Winchester, pursuant to such adjournment, was a legal session of the Superior Court.

To question (a), we answer, the Superior Court is advised to overrule the demurrer to the reply filed March 10th, 1931; to questions (b) and (c), we answer, Yes. As this disposes of the case, it is unnecessary to answer the other questions reserved.

No costs shall be taxed in this court to either party.

In this opinion the other judges concurred.