PEARCE *v*. DOYLE.

Opinion delivered October 18, 1920.

ELECTIONS—PRIMARY ELECTION CONTEST—VENUE.—Act 85 of Acts of 1887, establishing two separate judicial districts in Lawrence County, and providing (§ 4) that "no process, except subpoenas, criminal process and executions, issued by the circuit court of one district shall be served on any citizen or resident of the other district," refers only to process in ordinary civil actions, and hence an election contest under the Brundidge Primary Election Law, § 12, could be instituted in either district of the county in which defendant resides.

Appeal from Lawrence Circuit Court, Western District; *Dene H. Coleman,* Judge; reversed.

*W. A. Cunningham, O. C. Blackford* and *E. H. Tharp,* for appellant.

Election contests are special proceedings and not civil actions. 70 Ark. 243; R. C. L., p. 1157, § 147. The court had jurisdiction and the court erred in sustaining the motion to dismiss. Act 85, Acts of 1887, had reference to civil actions by ordinary suits and not election contests. Under the act of 1887 the circuit court at Powhatan is the circuit court of the county and the court had jurisdiction.

*Smith & Gibson,* for appellee.

The suit against appellee was brought in the wrong district, and the court had no jurisdiction, as he was a citizen of the Eastern District of Lawrence County and the suit was brought in the Western District. Act 85, Acts 1887, §§ 4, 17, etc. The court did not err in dismissing the complaint. The service should have been

quashed. 124 Ark. 331. The initiative act No. 1 of the Brundidge law repealed all laws in force as to contests at the time 70 Ark. 243 was decided. This is a suit *in personam* and not *in rem.* and the court properly sustained the motion to dismiss.

WOOD, J. The appellant and the appellee were rival candidates before the Democratic primary, August 10, 1920, for the office of representative of Lawrence County, which was conducted under what is commonly known as the Brundidge Primary Election Law, which was an initiated act, found in volume 2 of the Acts of 1917, page 2287 *et seq.* Section 11 of that act provides, among other things, that the County Central Committee shall convene and "canvass the returns, and, when demanded, examine the ballots; may hear testimony, if offered, of fraudulent practices and illegal votes, and may cast out illegal votes, fraudulent returns, and find the true and legal vote cast for each candidate, and shall certify the result not later than Monday following the primary."

The Democratic Central Committee of Lawrence County met on Friday following the election, August 13, 1920, at Powhatan, pursuant to the above act, and declared that the appellee had received 1,150 votes and the appellant 1,112. On August 16, 1920, the Democratic Central Committee of Lawrence County again met at Powhatan and issued a certificate of nomination for the office of representative to the appellee. The appellant filed his complaint at Powhatan, the county seat of Lawrence County, against the appellee to contest the election.

After reciting the above, he alleged that the finding of the Central Committee as to the number of votes cast for the appellee and the certification of the nomination of appellee were erroneous; first, because none of the voters were listed as poll tax payers, and none of them presented to the judges of the election poll tax receipts, or certified copies thereof, as required by law, to be returned with their ballots; that none of the voters filed written affidavits that they had obtained their majority since the last

assessing time; that the appellant was present at the meeting of the Democratic Central Committee on Friday, August 13, 1920, and demanded that the ballots in certain townships, naming them, be opened and recounted, and that the returns from these townships be purged of illegal votes; that the committee refused this demand; that, if the illegal ballots had been cast out, there would have been sufficient change in the result of the primary election to have made the appellant nominee instead of the appellee.

Summons in regular form was issued and returned as duly served on J. D. Doyle on the 13th day of September, 1920, in Pulaski County, Arkansas. The appellee appeared by himself and counsel for the purpose of calling in question the validity of the service and challenging the jurisdiction of the court. He alleged as ground for his motion to dismiss that all the acts complained of occurred in the Eastern District of Lawrence County, also that the appellee was a citizen of the Eastern District of Lawrence County, and that the circuit court for the Western District had no jurisdiction. The appellee set up in his motion section 4 of act 85 of the Acts of 1887, establishing two separate judicial districts in the county of Lawrence, and section 6 of that act, which provides "no process except subpoenas for witnesses, criminal process and executions issued by the circuit court of one district, shall be served on any citizen or resident of the other district."

The cause was heard as if on demurrer to the motion, and the court declared the law to be that, "J. D. Doyle being a resident of the Eastern District of Lawrence County and having been served with process in Pulaski County, Arkansas, that this court acquired no jurisdiction." The court thereupon entered a judgment dismissing the cause. From that judgment is this appeal.

The court erred in dismissing the appellant's complaint. Section 4 of act 85 of the Acts of 1887, establishing two separate judicial districts for the county of Lawrence (the Eastern and the Western) and providing that

no citizen or resident of one district should be liable to be sued in the other "in any action whatever," had reference to ordinary civil actions. In *Logan* v. *Russell,* 136 Ark. 217-221, we held that contest proceedings under the law regulating primary elections, *supra,* "do not constitute civil actions within the meaning of our Code of Civil Practice." See also *Rhodes* v. *Driver,* 69 Ark. 606; *Davis* v. *Moore,* 70 Ark. 240; *Williams* v. *Buchanan,* 86 Ark. 259; *Buchanan* v. *Parham,* 95 Ark. 81.

Section 17 of the act of 1887, *supra,* expressly provides "that, as to all matters not within the provisions of this act, the county of Lawrence shall be one entire and undivided county." Under the primary election law, *supra,* contests for the office of representative shall be brought in the circuit court of the county wherein any of the wrongful acts complained of occur. See section 12, *supra.* The Brundidge act takes no notice of the division of counties into separate judicial districts for the purpose of election contests provided therein, but for the office of representative and for county and township offices the county is considered as an entirety. The separate and independent judicial districts are not treated as separate and independent counties, as appellee contends. There is nothing in the Brundidge law that repeals, either expressly or by implication, the code of civil procedure which requires that actions of this kind shall be brought in "any county in which the defendant resides." See section 6072 of Kirby's Digest. The appellee, at the time of the institution of this proceeding, was a resident of Lawrence County, where it was brought, and he was duly served with process. Section 6035, Kirby's Digest.

The judgment of the circuit court is therefore reversed for further proceedings according to law.