## COWGER *v.* ELLISON.

## Opinion delivered November 21, 1927.

1. COURTS—COUNTY HAVING TWO JUDICIAL DISTRICTS—JURISDICTION.—
   Under Acts 1875, p. 188, creating the Dardanelle and Danville
   districts in Yell County, vesting the Dardanelle District with
   jurisdiction in cases arising therein, but providing that no citizen
   or resident of the Danville District should be liable to be sued
   in the Dardanelle District, *held* that the circuit court of the
   Dardanelle District had no jurisdiction of an election contest in
   which the summons was issued and served upon defendant in the
   Danville District.

2. COURTS—ACT CREATING SEPARATE JUDICIAL DISTRICTS.—Acts 1875,
   p. 188, creating the Dardanelle Judicial District in Yell County,
   with jurisdiction over cases arising in the Dardanelle District,
   but providing that, as to all matters not within the provisions
   of the act, Yell County should be one entire undivided county, *held*
   not in violation of the Constitution conferring jurisdiction upon
   circuit courts.

3. ELECTIONS—NATURE OF CONTESTS.—Election contests do not con-
   stitute "civil actions," within the meaning of the Code of Civil
   Practice.

4. ELECTIONS—JURISDICTION OF CONTESTS.—A cause of action under
   Crawford & Moses' Dig., § 3772, giving the right to contest a
   primary election for nomination to county office, does not arise in
   a separate judicial district of Yell County constituting only part
   of the county and not containing the county seat.

Appeal from Yell Circuit Court, Dardanelle District;
*J. T. Bullock,* Judge; affirmed.

*Wilson & Wilson, Scott & Goodier* and *Ward &
Caudle,* for appellant.

*Strait & Strait,* for appellee.

KIRBY, J.  This appeal challenges the jurisdiction of
the circuit court of the Dardanelle District of Yell County
to hear and determine a primary election contest between
candidates for the office of county and probate clerk.

At the general Democratic primary election held on
August 10, 1926, appellant and appellee were rival candi-
dates for the office of county and probate clerk.  Appel-
lee was declared the nominee, and, within the time pre-
scribed by law, appellant filed in the Dardanelle District
of Yell County Circuit Court his complaint, setting out

grounds for contest, duly verified, with the number of affidavits of qualified electors required. Summons was issued and served upon appellee at Danville, in the Danville District of said county, as shown by the report of the sheriff.

Appellee moved to quash the service as being made in the Danville District, contrary to the statute, and because of the lack of jurisdiction of the circuit court of the Dardanelle District to hear and determine the contest, alleging that, under the special act creating said district, it was without jurisdiction to hear and determine said cause.

The question was heard as upon demurrer, and the cause abated and dismissed for want of jurisdiction, from which judgment this appeal is prosecuted.

In *Walker* v. *State*, 35 Ark. 390, this court, construing the act separating Yell County into two judicial districts, held it constitutional, saying: "The act does not reduce the area of Yell County or change its county seat from Danville; it merely divides the county into two judicial districts for the purpose of the act, and is carefully framed so as to leave the county seat proper, and for general purposes, at Danville."

Appellant contends, however, that the division of the county into districts by said act provided for the establishment of a circuit court in the Dardanelle District, whose power to hear and determine all causes cognizable under the Constitution conferring jurisdiction upon circuit courts could not be limited, and that an attempt to prescribe or restrict its jurisdiction to hearing certain causes only brings the act into conflict with the provision of the Constitution relative thereto.

In *Ex parte Jones*, 27 Ark. 349, the court said: "The Constitution defines the general jurisdiction as to the subject-matter of circuit courts, but is silent as to territorial limits, and provides that this court should be held at such place in each county as might by law be directed."

Section 3 of the act creating the district provides:

"* * * and the authority and territorial jurisdiction of said circuit courts shall extend over the Dardanelle

District the same and in like manner as if said district was a constitutional county of this State, and said circuit court of Yell County for the Dardanelle District shall have original and exclusive jurisdiction of all such cases as are now by law vested in the circuit courts of this State, which have or may hereafter arise in the said Dardanelle District; provided, that no citizen or resident of the Danville District shall be liable to be sued in the said Dardanelle District in any action whatever.''

Section 5 reads:

''That, in order to ascertain in which of the respective districts in said county actions cognizable in the circuit court shall be returnable and be tried, the said districts, for all the purposes of this act, shall be considered as separate and distinct counties, and the mode and place for trying suits shall be determined by the general law applicable to different counties, except that all process, civil, criminal, original, mesne, and final, that may be issued from the circuit court of either district, shall run through the whole county, and have like effect as if the court where it issued were the only circuit court of said county. Provided, that no process except subpoenas for witnesses and executions issued by the circuit court of the Dardanelle District shall be served on any citizen or resident of the Danville District.''

Section 16 provides that, as to all matters not within the provisions of this act, the county of Yell shall be one entire and undivided county.

Section 3372, C. & M. Digest of the Statutes, confers a right of action upon candidates to contest the nomination in primary elections, and requires the contests for county offices to be brought in the circuit court of the county.

The act providing for the establishment of the Dardanelle District gave the circuit court for that district original and exclusive jurisdiction of all such causes as are now by law vested in the circuit courts of the State, which have arisen or may hereafter arise in the said Dardanelle District.

The right of action to contest the primary election had not been conferred by law upon the candidates until long after the division of Yell County into two judicial districts, and such contests do not constitute civil actions, within the meaning of our Code of Civil Practice, as held in *Logan* v. *Russell,* 136 Ark. 217, 206 S. W. 131; and *Pierce* v. *Doyle,* 145 Ark. 371, 224 S. W. 740.

The case last cited involved an election contest where the suit was brought at the county seat, where the circuit court was held before the creation of a separate district. The defendant lived in the created district, but was served in Pulaski County, while away from home. Upon a motion to dismiss because suit was not brought in the district where defendant lived, and to quash the service, the court passed upon a provision of the act creating the separate district in that county, identical with the provisions of § 16 of the act of 1875, creating the Dardanelle District of Yell County, saying:

"Section 17 of the act of 1887, *supra,* expressly provides 'that, as to all matters not within the provisions of this act, the county of Lawrence shall be one entire and undivided county.' Under the primary election law *supra,* contests for the office of representative shall be brought in the circuit court of the county wherein any of the wrongful acts complained of occur. The Brundidge act takes no notice of the division of counties into separate judicial districts for the purpose of election contests provided therein, but for the office of representative and for county and township offices the county is considered as an entirety. The separate and independent judicial districts are not treated as separate and independent counties (in election contest cases), as appellee contends. There is nothing in the Brundidge law that repeals, either expressly or by implication, the Code of Civil Procedure which requires that actions of this kind shall be brought in 'any county in which the defendant resides.' The appellee, at the time of the institution of this proceeding, was a resident of Lawrence County, where it was brought, and he was duly served with process.

The cause of action, a general contest of a primary election to the nomination for a county office, cannot well be said to have arisen in the Dardanelle District in any event, and the statute creating that district expressly provides that no citizen or resident of the Danville District shall be liable to be sued in the said Dardanelle District in any action whatever.

It follows that the circuit court of the Dardanelle District was without jurisdiction to hear and determine this election contest, under the provisions of the act creating the separate district, which is in no wise in conflict with the Constitution conferring jurisdiction upon the circuit courts.

No error was committed by the court in quashing the service and dismissing the cause, and the judgment is affirmed.