HOLMES *v.* WAGGONER.

4-3685

Opinion delivered October 15, 1934.

*Emmet Vaughan, Geo. W. Craig* and *W. A. Leach,* for petitioner.

*Campbell & Smith,* for respondent.

MEHAFFY, J. In the general Democratic primary election held in Prairie County on August 14, 1934, J. F.

Simms and J. J. Holmes were candidates for the office of county and probate judge of said county.

On August 17, 1934, the county central committee canvassed the returns of said primary election and certified J. J. Holmes to be the nominee for said office.

On August 21, 1934, J. F. Simms commenced in the circuit court at DeVall's Bluff, an action against J. J. Holmes to contest the certificate of nomination issued by the committee. Thereafter J. J. Holmes filed a motion to dismiss the action on the ground that the jurisdiction of actions to contest primary elections was not by law vested in the circuit court for the Southern District of Prairie County. The circuit court overruled the motion, and thereupon J. J. Holmes, the defendant in the election contest case, filed in this court an application for a writ of prohibition against W. J. Waggoner, circuit judge of the Prairie Circuit Court, to prohibit said court from exercising jurisdiction in the suit brought at DeVall's Bluff to contest the election.

The only question for our consideration is whether the circuit court at DeVall's Bluff had jurisdiction to try the election contest case.

Section 12 of article 7 of the Constitution of the State of Arkansas is as follows:

"The circuit courts shall hold their terms in each county at such times and places as are or may be prescribed by law."

The Legislature in 1885 passed an act establishing separate courts in Prairie County. The county was by the act divided into two judicial districts, Des Arc being the county seat of the county.

Section 3 of the act provided that the circuit court should hold the same number of sessions in the town of DeVall's Bluff as by law were held at the county seat of said county, and at such times as might be designated by law. There can be no doubt that, under the provision of the Constitution above quoted, the time and place of holding court was designated by this act, and that DeVall's Bluff was designated as the place for holding the circuit court.

Section 24 of article 19 of the Constitution is as follows:

"The General Assembly shall provide by law the mode of contesting elections in cases not specifically provided for in this Constitution."

The initiated act provided for contesting elections. Crawford & Moses' Digest, § 3772. It provides: "A right of action is hereby conferred on any candidate to contest the certification of nomination or the certification of vote as made by the county central committee. The action shall be brought in the circuit court. If for the office of representative or a county or township office, in the circuit court of the county; and if for a circuit or district office, within any county in the circuit or district wherein any of the wrongful acts occurred; and if for United States Senator or a State office, in the Pulaski Circuit Court. The complaint shall be supported by the affidavit of at least ten reputable citizens and shall be filed within ten days of the certification complained of, if the complaint is against the certification in one county, and within twenty days if against the certification in more than one county. The complaint shall be answered within ten days."

It is contended that the action must be brought at Des Arc, the county seat, and that the circuit court held at DeVall's Bluff had no jurisdiction.

In the case of *Pearce* v. *Doyle,* 145 Ark. 371, 224 S. W. 740, there was an election contest filed in Lawrence County at Powhatan, and summons was served on the defendant in Pulaski County, Arkansas. The defendant in that case challenged the jurisdiction of the court and the validity of the service. It was alleged that all the acts complained of occurred in the Eastern District of Lawrence County, and also that the defendant was a citizen of the Eastern District of Lawrence County, and that the circuit court for the Western District had no jurisdiction. The court said that the appellee set up in his motion the act of 1887 establishing two separate judicial districts in Lawrence County. The Lawrence County act and Prairie County act are identical in the

sections involved. The circuit court dismissed the cause in the case of *Pearce* v. *Doyle, supra,* and an appeal was prosecuted to this court. The court also said: "The court erred in dismissing the appellant's complaint. Section 4 of act 85 of the Acts of 1887, establishing two separate judicial districts for the county of Lawrence (the eastern and the western), and providing that no citizen or resident of one district should be liable to be sued in the other "in any action whatever," had reference to ordinary civil actions. In *Logan* v. *Russell,* 136 Ark. 217-221, 206 S. W. 131, we held that contest proceedings under the law regulating primary elections, *supra,* "do not constitute civil actions within the meaning of our Code of Civil Practice."

Under our primary election law, contests for the office of county and probate judge shall be brought in the circuit court of the county wherein any of the wrongful acts complained of occur. In the case of *Pearce* v. *Doyle, supra,* it was said:

"The Brundidge Act takes no notice of the division of counties into separate judicial districts for the purpose of election contests provided therein, but, for the office of representative, and for county and township offices, the county is considered as an entirety."

In the case of *Logan* v. *Russell, supra,* the court said: "The contest proceedings provided by this statute do not constitute civil actions within the meaning of our Code of Civil Practice. It has been so decided by this court with reference to election contests authorized under another statute. In the case of *Davis* v. *Moore,* 70 Ark. 240, 67 S. W. 311, it was expressly decided that election contests are special proceedings and not civil actions under the Code, and everything must be done therein according to the statute regulating such proceedings where such statute exists. * * * The provisions of the statute under consideration should receive a liberal interpretation so as to effectuate the wholesome purposes intended by its framers, but, the proceedings authorized thereunder being special, we cannot, without doing violence to well settled rules of interpretation, extend

those provisions beyond the plain meaning of the language employed."

The purpose of the primary election law and the provision in that law for contesting elections should receive a liberal interpretation. The law provides that any candidate may contest an election, and that, if for a county office, the action to contest the election must be in the circuit court, and in the county where the election was held. We think, under any reasonable interpretation, the statute means in the circuit court wherever held in the county. The act creating separate judicial districts provides where cases shall be brought, but this means civil actions and not special proceedings.

In a civil action, as a rule, the parties have a right to a jury trial, and there appears to be some reason why it should be tried in the district where the defendant resides. No such reason exists with reference to an election contest or any other special proceeding of this kind. The same judge tries the case, no matter in which district it is brought.

We now hold that an action to contest an election for a county office may be brought in the circuit court in either district, if in a county that has more than one judicial district.

The case of *Cowger* v. *Ellison,* 175 Ark. 478, 299 S. W. 1031, so far as it conflicts with this opinion, is overruled.

The circuit court at DeVall's Bluff has jurisdiction to try the case, and the writ is therefore denied.