## BOONE COUNTY ABSTRACT & TITLE COMPANY *v.* BOONE COUNTY ET AL

5-5848                                478 S.W. 2d 429

### Opinion delivered April 3, 1972

*N. J. Henley* and *Fitton, Meadows & Adams,* for appellant.

*Ray Thornton,* Atty. Gen; by *Gene O'Daniel,* Asst. Atty. Gen., and *Bill F. Doshier,* Pros. Atty., for appellee.

GEORGE ROSE SMITH, Justice. This case involves a lease by which Boone County, acting through its county court, rented certain space in the county courthouse to the appellant, Boone County Abstract & Title Company, for a term of three years, with an option in the lessee to renew the lease for an additional two years. The lease was approved by a county court order entered on December 22, 1970.

A new county judge took office on January 1, 1971. In February that judge, together with several taxpayers, took an appeal from the county court order approving the lease, it being their contention that the lease was not in the best interest of the county. The circuit court, without considering the testimony having to do with the merits of the case, entered an order canceling the lease, upon the ground that the incoming county judge had an absolute right to repudiate the contract simply by taking an appeal from the county court order within the time allowed by law.

The circuit court was in error in not reaching the merits of the case. In *Watts & Sanders* v. *Myatt,* 216 Ark. 660, 226 S.W. 2d 800 (1950), we pointed out that county contracts must be approved by the county court, that an outgoing judge, acting as a court, has authority to bind his successor contractually, and that appeals from such county court orders are tried *de novo* in the circuit court. Other cases recognizing the validity of properly executed county contracts include *Kleiner* v. *Parker,* 177 Ark. 671, 8 S.W. 2d 434 (1928), and *Craig* v. *Griffin,* 107 Ark. 298, 154 S.W. 945 (1913).

In the case at bar the lease to the appellant, approved by county court order, was prima facie valid. The circuit court, however, had the duty of reviewing the county court order *de novo,* to determine whether the lease was vitiated by fraud or collusion or was otherwise an improper contract on the part of the county. The court was in error in not trying the case anew. In law cases it is not our province to decide issues of fact in the first instance. *Hot Springs Sch. Dist. No. 6* v. *Surface Combustion Corp.,* 222 Ark. 591, 261 S.W. 2d 769 (1953); *Manzo* v. *Boulet,* 220 Ark. 106, 246 S.W. 2d 126 (1952); *Reddick* v. *Scott,* 217 Ark. 38, 228 S.W. 2d 1008 (1950). The cause must therefore be remanded to the trial court for further proceedings.

Reversed and remanded.