Henry HAYNES *v.* FAULKNER COUNTY, Arkansas; John Wayne Carter, as County Judge of Faulkner County; and Faulkner County Museum Commission

96-388                                    932 S.W.2d 328

Supreme Court of Arkansas
Opinion delivered November 11, 1996
[Petition for rehearing denied December 23, 1996.]

*Callis L. Childs,* for appellant.

*Gill Law Firm,* by: *Glenn E. Kelley,* for appellee Faulkner County Museum Commission.

*Graddy & Adkisson,* by: *Larry Graddy,* and *Hartje & Collier,* by: *Linda Collier,* for appellees.

DAVID NEWBERN, Justice. This case is about county government. The dispute arose when Faulkner County decided to build a new building to house the county library and to create a commission to operate a museum in the building which had previously housed the county library. The appellant, Henry Haynes, and other concerned citizens voiced objections to the proposed disposition of the old library building. They claimed that the courts in Faulkner County badly needed space and that the County therefore should have reserved the old library building for the judiciary's use. In their view, it would have been more economical for the County to improve the judicial facilities by renovating the old library building than to renovate and expand the Courthouse. The objections were not well taken by the county authorities, and Mr. Haynes sued the County, the County Judge, and the County Museum Commission to enjoin them from implementing their plan. Except when necessary to distinguish among them, we will refer to the appellees collectively as "the County."

The Chancellor entered summary judgment in favor of the County with the exception that she invalidated a 99-year lease of

the old library building executed by the County Judge and the Commission. Although the Chancellor found that the County and the Commission could not enter into a formal lease, she found that the County Judge had the authority to assign the use of the building to the Commission.

Mr. Haynes has raised three main points in his appeal, none of which has merit. We therefore affirm on the appeal. As the Chancellor did not err in invalidating the lease, we affirm on the County's cross-appeal as well.

### The appeal

### 1. Administration of justice

Mr. Haynes contended that the County should have reserved the old library building for the courts in order to satisfy its mandatory duty under Ark. Code Ann. § 14-14-802(a)(1)(1987) to provide for the administration of justice. In support of his claim, Mr. Haynes cited a letter written by the trial judges of Faulkner County to the County Judge complaining about their lack of sufficient space to operate the courts and about the seeming unwillingness of the County to do anything about it. With his pleadings before the Chancellor, Mr. Haynes submitted discovery responses, including a proposed floor plan, purporting to show that it would have been better if the County had made two courtrooms out of the old library building rather than creating only one new courtroom in the Courthouse. It was contended that money to be spent in providing for county officials who would move out of the Courthouse into a new building to make way for one renovated courtroom was far in excess of that which would be spent creating two courtrooms in the old library building. According to Mr. Haynes, this created an illegal exaction.

The Chancellor agreed that the County was obliged by § 14-14-802(a)(1) to provide for the administration of justice. She correctly concluded that providing for the administration of justice was a "mandatory service" and that providing a museum was a "discretionary service" the County was authorized to offer. See § 14-14-802(b)(2)(C)(v). In granting summary judgment, the Chancellor observed that Mr. Haynes's claim did not allege that the County had failed to provide for the administration of justice. The Chancellor interpreted the claim as stating "only that Faulkner County's proposed method of providing for both mandatory and discretionary

services is more expensive than providing for just mandatory services."

■ Mr. Haynes argues that his complaint did allege that the County had failed to provide for the administration of justice. Looking at the complaint in its various amended forms, and taking its language as a whole, we must agree with the Chancellor. The gravamen of the complaint is not that the County has failed to provide for the administration of justice but that it has chosen a more expensive way of doing it than Mr. Haynes would have liked. While we are mindful of the fact that the County may have only three courtrooms to house its five judges, we cannot conclude that fact, if proven, would demonstrate a failure to provide for the administration of justice. With respect to the point discussed here, we hold the Chancellor correctly concluded that there was no remaining genuine issue of material fact and that the County was entitled to judgment as a matter of law. *Short* v. *Little Rock Dodge, Inc.*, 297 Ark. 104, 759 S.W.2d 553 (1988).

## 2. Reviewability and jurisdiction

Mr. Haynes styles his second argument as follows: "The Assignment of the Building by the County Judge to the Commission, Pursuant to Ark. Code Ann. § 14-14-1102(b)(3), is Reviewable in Either Chancery Court or Circuit Court." On appeal, Mr. Haynes contends the Chancellor failed to review his allegations that the assignment of the building by the 99-year lease was an illegal exaction and that the County Judge breached a fiduciary duty in executing the lease. He then argues that either chancery or circuit court may have jurisdiction of an illegal-exaction suit, but he asks that we remand the case to the Chancellor for transfer to the circuit court. We decline to do so.

■ The order entered by the Chancellor stated it was entered in response to the County's motion for summary judgment. Perhaps inadvertently, the order concluded with a remark to the effect that the complaint was "dismissed." We are convinced, however, that the Chancellor did not refuse to review the illegal-exaction and breach-of-trust claims. Rather, she ruled they were without merit and denied the injunctive relief sought. The Chancellor considered the items of proof proffered by the parties and entered a summary judgment pursuant to Ark. R. Civ. P. 56. The Chancellor did not lack jurisdiction of Mr. Haynes's claims, and

there was no need to transfer the case to circuit court.

■ Arkansas Const. amend. 55, § 3, and Ark. Code Ann. § 14-14-1102(b)(3)(1987), provide that the County Judge is the custodian of county property and is therefore authorized to determine how the property shall be used. Moreover, § 14-14-802(b)(2)(C)(v) and §§ 13-5-501 through 13-5-504 (Repl. 1995) authorize the County to provide for a county museum. In light of these provisions, we agree with the Chancellor that, as a matter of law, the assignment of the building to the Commission was not an illegal exaction.

### 3. Conflicts of interests

Mr. Haynes alleged the County Judge who signed the lease with the Commission, Judge Ferrell, and his successor who was to administer the lease, Judge Carter, engaged in a breach of trust. Because the judges were both members of the Faulkner County Historical Society, which had lobbied for the museum before the Quorum Court, Mr. Haynes contended the judges should have disclosed their membership and should have been disqualified from participating in any transactions concerning the old library building.

■ In her order, the Chancellor noted that the Quorum Court had condoned the assignment of the building to the Commission in an Ordinance of July 22, 1992. She also noted that, in accordance with Ark. Const. amend. 55, § 3, the County Judge presides over the Quorum Court "without a vote but with the power of veto." She concluded that there was no proof that the judges had displayed conflicts of interests in carrying out the wishes of the Quorum Court. She found no breach of trust, and we agree.

### The cross-appeal

The County argues on cross-appeal that the Chancellor erred in invalidating the lease by which the County assigned the old library building to the Museum Commission. The Chancellor held the lease void primarily because she viewed it as an improper attempt on the part of the County to contract with itself. As she saw it, the issue was whether the Museum Commission was an autonomous entity sufficiently separate from the Quorum Court and the County Judge to permit the agreement. After holding in the negative, the Chancellor observed that the disposition of the old library building by assignment of it to the Museum Commission, as

opposed to leasing it to the Museum Commission, was appropriate pursuant to § 14-14-1102(b)(3). We agree with the result she reached.

██ A county may enter enforceable contracts. *See Boone County Abstract & Title Co.* v. *Boone County,* 252 Ark. 255, 478 S.W.2d 429 (1972); *Watts & Sanders* v. *Myatt,* 216 Ark. 660, 226 S.W.2d 800 (1950). The cited cases are, however, ones in which the persons with whom the counties contracted were not county entities. This case is different because the Museum Commission, whether an autonomous county entity or not, is nonetheless a creation of Faulkner County, and the property it sought to lease is county property. Section 14-14-1102(b)(3) gives the county judge the authority to "assign or not assign" county property at will. The statute does not mention duration of assignment. We conclude it was the intention of the General Assembly that the authority of a county judge to assign the use of county property, at least as that authority pertains to assignment of it among county entities, be unfettered by agreements such as the one attempted here.

Affirmed on appeal, and affirmed on cross-appeal.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I join with the majority opinion regarding its decision on direct appeal, but concur with the result reached on cross-appeal. Summarily stated, I agree that the chancellor was correct in concluding there is no legal authority to lease county property to county entities. Counties are created by the authority of the legislature, and they derive all their powers from the source of their creation, except where the Constitution of the state otherwise provides. *City of Hot Springs* v. *Gray,* 215 Ark. 243, 219 S.W.2d 930 (1949). Here, the county had no statutory authority to enter into a contract with the Musuem Commission.

The services the county may provide include a museum, and the county has the power to provide the necessary facilities to support such a service. Ark. Code Ann. §§ 14-14-802(b)(2)(C)(v) and -803 (1987). However, nowhere is there law cited that a county can enter a 99-year lease contract with a county entity to provide such county property or facility. Rather, Ark. Code Ann. § 14-14-1102(3) (1987) sets out the extent of a county's authority in this respect as follows:

CUSTODY OF COUNTY PROPERTY. The county judge, as the chief executive officer of the county, shall have custody of county property and shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property in the manner and procedure provided by law for the disposal of county property by the county court. The county judge shall have the right to *assign or not assign use of such property* whether or not the county property was purchased with county funds or was acquired through donations, gifts, grants, confiscation, or condemnation. (Emphasis added.)

In sum, the county has the foregoing statutory authority to assign necessary facilities to county officers or county entities, but that power is not exhausted when once exercised; instead, the assignment of county offices or facilities may be changed whenever public convenience will be promoted by the change. *See Penix* v. *Shaddox*, 165 Ark. 152, 263 S.W.2d 389 (1924).