The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, Arkansas 71854
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney Carlton Jones' request for an opinion regarding the disbursement of county funds to volunteer fire departments. In the letter, Mr. Jones notes that a specific procedure (A.C.A. § 14-284-401 et seq.) exists for the administration and distribution of insurance premium taxes to volunteer fire departments. The request, however, states that the following question arises as to other funds that a county may contribute to volunteer fire departments:
 May one volunteer fire department, not appointed as a Fire Protection Services Board, administer and distribute said funds to other local volunteer fire departments?
It is my opinion that the answer to this question is probably "no," but a definitive resolution of the issue will depend upon the particular funding at issue as well as the facts and circumstances attendant to the particular case.
Arkansas Code Annotated §§ 14-284-401—411 (Supp. 1995) establishes the procedure for the distribution of insurance premium taxes to fire protection entities. See Op. Att'y Gen. No. 92-297. The premium tax moneys are apportioned by each quorum court to the districts and municipalities within the county based upon population unless the County Intergovernmental Cooperation Council notifies the quorum court of the fire protection needs of the districts and municipalities, in which case the moneys shall be apportioned by the quorum court based on those needs. A.C.A. § 14-284-403. With regard to additional funding, A.C.A. §14-284-408(a) specifically provides that "[n]othing in this subchapter shall be construed to prevent quorum courts and governing bodies of municipalities from contributing funds directly to any volunteer fire department or district serving such county or municipality." (Emphasis supplied.) Thus, while A.C.A. § 14-284-403 does not bar the county from giving financial aid to volunteer fire departments serving the county,see Op. Att'y Gen. No. 94-147 (copy enclosed), it appears that this statute contemplates that funds should be contributed directly to each volunteer fire department.
It is not indicated in your request exactly what type of "other funds" are at issue; however, it is my understanding that you are principally concerned with county sales tax moneys that have been designated for volunteer fire departments. See generally Op. Att'y Gen. Nos. 92-347 and 90-060 (copies enclosed). In order to determine the proper disbursement of such funds, the relevant county ordinances and election ballot titles should be consulted. It is not ordinarily the function of this office to construe such local provisions. This is an undertaking which often involves the intent of the local officials involved and the intent of the local electorate.
Although I am unable to offer a definitive response to your question, it seems that the arrangement contemplated in your question could be problematic. It appears that the quorum court will simply be allowing a single volunteer fire department to administer and distribute county sales tax moneys. Generally, it has been stated that the right of the governing body of a county to delegate its authority depends on the nature of the duty to be performed. Dickey v. Board of Com'rs of Lewisand Clark County, 191 P.2d 315 (Mont. 1948); 20 C.J.S. Counties § 82 (1990). The commonly accepted rule is that powers involving the exercise of judgment and discretion are in the nature of public trusts and cannot be delegated to a committee or agent.[1] Id.; Bowley v. City of Omaha,149 N.W.2d 417 (Neb. 1967). However, duties which are purely ministerial and executive and do not involve the exercise of discretion may be delegated by the governing body. Id. The Tennessee Supreme Court has concluded that a county court cannot make an appropriation for the care of poor persons and then leave to the judgment and discretion of a third person the sole right to designate those who are entitled to have the benefit of public charity. Southern v. Beeler, 195 S.W.2d 857 (Tenn. 1946); see also Rutherford County v. City of Murfreesboro, 309 S.W.2d 778
(Tenn.Ct.App. 1957) (county cannot delegate its authority in such matters as the appropriation of money). Similarly, it is my opinion that if the quorum court is authorized to distribute sales tax moneys it cannot simply leave to the judgment and discretion of a single volunteer fire department the sole right to designate those who are entitled to the benefit of the sales tax moneys.
Further, it is my opinion that the General Assembly has established methods for delegating county administrative powers. Amendment 55 to the Arkansas Constitution gave counties broad authority over legislative affairs, and counties may now exercise "local legislative authority not denied by the Constitution or by law." Ark. Const. Amend. 55, § 1(a). Nevertheless, counties are created by the authority of the legislature, and they derive all their powers from the source of their creation, except where the Arkansas Constitution otherwise provides. City of HotSprings v. Gray, 215 Ark. 243, 219 S.W.2d 930 (1949); see also Haynes v.Faulkner County, 326 Ark. 557, 932 S.W.2d 328 (1996) (Glaze, J., concurring). Arkansas Code Annotated § 14-14-701(a)(2) (1987) provides that "county governments can be made more responsive to the service needs of the people through the reorganization of county government into departments, boards, and subordinate service districts which are consistent in their organization and assignment of duties, responsibilities, and authorities." Specifically, a county quorum court is authorized to establish county administrative boards for the conduct of county affairs; the administrative boards may be established to exercise administrative powers granted by county ordinance.[2] A.C.A. § 14-14-705 (1987). The legislature has provided specific methods for the creation of service organizations and the legislature has provided that there is a need for consistent organization; therefore, it is my opinion that the legislature has most likely determined that administrative powers, that can be delegated, must be delegated pursuant to the county government code or other state statute. It seems from your question that the volunteer fire department "administering" the distribution of funds would be acting as an "administrative board" and should be governed by A.C.A. § 14-14-705.
In sum, the answer to your question is probably "no," but a definitive resolution of your question will depend upon the particular funding at issue and the relevant local ordinances.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The Arkansas Supreme Court has recognized the general rule that the legislative powers of a municipal corporation cannot be delegated.Paragould Cablevision v. City of Paragould, 305 Ark. 476, 809 S.W.2d 688
(1991). Similarly, the legislative powers of the county government are expressly vested in the quorum court. A.C.A. § 14-14-502 (1987); A.C.A. § 14-14-901 (1987); Ark. Const. Amend. 55.
[2] A county may also create other service organizations such as a department, an advisory board, or a subordinate service district. A.C.A. § 14-14-701 et. seq.