The Honorable Jamie Pratt Prosecuting Attorney Thirteenth Judicial District P.O. Box 938 Camden, AR 71701
Dear Mr. Pratt:
This is in response to Deputy Prosecuting Attorney Rebecca A. Jones's request for an opinion concerning the temporary relocation of Columbia County's government offices as a result of fire, smoke and water damage to the County Courthouse. The restoration and repairs will reportedly take approximately three to six months. The following questions have been asked in this regard:
 1. Under these circumstances, may the County remove the public records of the County from the County Courthouse to the temporary facility where governmental services will be provided?
 2. If your opinion is "yes," must the records be housed in a fireproof environment?
 3. The temporary location for the relocation of the County's government offices is being provided to the County by a private entity. The building does not conform to the requirements of the Americans with Disabilities Act (the "ADA"). What is the County's obligation to comply with the ADA under these circumstances? Specifically, must the building be structurally altered or may the County make reasonable accommodations to individuals requiring assistance?
RESPONSE
Question 1 — Under these circumstances, may the County remove the publicrecords of the County from the County Courthouse to the temporaryfacility where governmental services will be provided?
It is my opinion that the answer to this question is "yes." I believe this reasonably follows from the County's duty under A.C.A. §14-14-802(a)(4) (Repl. 1998) to provide for "[c]ourt and public records management, as provided by law, including registration, recording, and custody of public records[.]" See also A.C.A. § 14-14-802(a)(1) (requiring that counties provide for "[t]he administration of justice through the several courts of record of the county[;]") and, generally,Haynes v. Faulkner County, 326 Ark. 557, 932 S.W.2d 328 (1996) andVillines v. Tucker, 324 Ark. 13, 918 S.W.2d 153 (1996) (regarding a county's duty, in accordance with § 14-14-802(a)(1), supra, to provide for the trial court system). Additionally, A.C.A. § 14-14-803 states that "[t]he power of county government to provide services includes the power to provide necessary and convenient facilities to support the services."
I have found no provision in the Code that would prevent the temporary removal of the records under these circumstances. One provision has been brought to my attention concerning the circuit clerk's authority to remove records "[i]n case of danger from an invading enemy. . . ." A.C.A. § 16-20-305. This Code section was part of the Revised Statutes of 1838 (see Rev. Stat. Ch. 25, § 10), and has not been subsequently amended or updated. It is obviously antiquated, and in my opinion cannot reasonably be construed to prevent removal of records under the circumstances presented, particularly given the County's authority and responsibility under §§ 14-14-801 and -802, noted above.
Question 2 — If your opinion is "yes," must the records be housed in afireproof environment?
It is my opinion that the answer to this question is "no." Consideration must, however, be given in this regard to A.C.A. § 14-19-110 (Repl. 1998), which states:
 As soon as the courthouse and jail shall be erected and the circumstances of the county will permit, there shall also be erected a fireproof building at some convenient place near the courthouse or a fireproof vault in the courthouse, in which shall be kept the records of the recorder and of the clerks of the several courts held in the county.
Clearly, this provision requires that records be maintained in a fireproof environment as soon as circumstances permit after the courthouse is erected. However, I do not construe this as mandating a fireproof environment for records that are temporarily housed outside the courthouse under exigent circumstances such as those presented in this instance. I believe the county's general powers and duties, noted above, with respect to records management and the court system would support the county's authority to make the determination concerning the records' temporary relocation in this case.
Question 3 — The temporary location for the relocation of the County'sgovernment offices is being provided to the County by a private entity.The building does not conform to the requirements of the Americans withDisabilities Act (the "ADA"). What is the County's obligation to complywith the ADA under these circumstances? Specifically, must the buildingbe structurally altered or may the County make reasonable accommodationsto individuals requiring assistance?
The answers to these questions do not turn on state law, but rather require the application and interpretation of federal requirements under the ADA. (42 U.S.C. §§ 12101 et seq.) Consequently, I am unable to resolve these issues in the limited format of this opinion. Questions of federal law fall outside the ordinary scope of an opinion from this office.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh