The Honorable Sandra Prater State Representative 9202 Sayles Road Jacksonville, AR 72076-8899
Dear Representative Prater:
I am writing in response to your request for an opinion regarding moneys paid to a county for housing prisoners of entities other than that county. You ask:
 1. When a county houses inmates for either the Arkansas Department of Corrections, the U.S. Marshall's Service, or out-of-county agencies pursuant to an agreed upon rate, are those monies considered reimbursement or general revenue?
 2. If the paid monies are a reimbursement and were originally expended from a dedicated fund such as a sales tax to be used exclusively for criminal justice purposes, should those reimbursements be returned to the dedicated fund?
 3. If so, what is the proper procedure for returning the money after it is received by the county?
RESPONSE
Viewing your questions as a whole, it appears you are inquiring about the quorum court's authority to appropriate or spend the contract moneys. Given that focus, and in response your first question, the two relevant categories are "general revenue" and "special revenue" because those categories are most relevant to the quorum court's authority to appropriate or spend the contract moneys. There is no statutory or constitutional category known as "reimbursement." Because I have found no authority requiring the contract moneys be special revenue, it is my opinion that *Page 2 
the moneys are general revenue. My response to your first question renders your second and third questions moot.
Question 1: When a county houses inmates for either the ArkansasDepartment of Corrections, the U.S. Marshall's Service, or out-of-countyagencies pursuant to an agreed upon rate, are those monies consideredreimbursement or general revenue?
There is no category of county funds known as "reimbursement." Instead, in the context of your questions, the two relevant categories of county funds are "general revenue" and "special revenue." Although those terms are undefined in the statutes, general revenues are commonly understood to be moneys that may be applied to any proper county purpose. "Special revenues," however, may only be used for specially designated purposes. Ark. Const. art. 16, § 11. According to my review, moneys may be considered special revenues in one of three ways. First, the quorum court may designate moneys as applying only to some particular purpose (thus making them special revenues) when budgeting county revenue pursuant to A.C.A. § 14-14-907 (Repl. 1998). Second, a state statute may require the moneys be considered special revenues.E.g., Op. Att'y Gen. 2002-232; see, e.g., A.C.A. § 14-20-102 (Repl. 1998) (county indigent-defense fund). Third, moneys may be considered special revenues if the moneys were generated by a tax levied for a particular purpose. E.g., Ark. Const. amend. 62, § 1(a); Daniel v.Jones, 332 Ark. 489, 996 S.W.2d 226 (1998). Arkansas's constitution prohibits diverting those moneys to any other purpose. Ark. Const. art. 16, § 11.
The contract moneys do not appear to be special revenue under the first or second categories. Under the first category — budgetary appropriation — because you have not indicated whether the quorum court has designated these moneys for special revenue purposes, I assume there is no such appropriation ordinance.[1] Under the second category — statutory allocation — I have not located any statute requiring these moneys be treated as special revenue. You have not mentioned the authority under which the county has entered into these agreements.[2]
Nevertheless, my *Page 3 
review of some possible statutes permitting these types of agreements does not indicate the contract moneys are special revenue. One such authority is an interlocal agreement pursuant to A.C.A. § 25-20-101
to-108 (Repl. 2002 Supp. 2007). This authority seems the most likely basis for the contracts you mention because it permits agreements with all the entities you mention. Nothing in these statutes indicates the moneys generated from the agreement are special revenues. Another such authority, though more narrow, is A.C.A. § 12-41-503(d) through (h) (Supp. 2007). These subsections permit the "keeper or administrator" of a jail to enter into agreements to house prisoners for a per diem charge. The prisoners may include those from other counties, municipalities, or the United States Government. Again, nothing in this statute indicates the "per diem charge" for housing the prisoners constitutes special revenues.
The third category — tax revenues generated for a particular purpose — does not apply to the contract moneys either. The moneys at issue here were generated by contract, not taxation. Given your remaining questions, I note that your question regarding the possible status of these moneys as "reimbursement" might suggest an argument that the moneys are somehow the equivalent of the specially dedicated sales tax that has already been expended on the non-county prisoners' care and custody. I have found no support, however, for such an argument under either the Arkansas statutes or the constitution.
In sum, because I cannot find any authority indicating the contract moneys are special revenues, I must conclude the moneys are general revenues.
Question 2: If the paid monies are a reimbursement and were originallyexpended from a dedicated fund such as a sales tax to be usedexclusively for criminal justice purposes, should those reimbursementsbe returned to the dedicated fund?
Given my response to your first question, this question is moot.
Question 3: If so, what is the proper procedure for returning themoney after it is received by the county? *Page 4 
Because question two is moot, this question is also moot.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh
[1] In some instances, an unauthorized appropriation by the quorum court can amount to an illegal exaction. E.g., Mackey v. McDonald,255 Ark. 978, 504 S.W. 2d 726 (1974). As explained later in the opinion, however, I have not located any statutes or constitutional provisions that require the quorum court to appropriate the contract moneys as special revenue.
[2] Counties have a general power to enter into contracts without some specific statute authorizing the contract. Ark. Const. amend 55, § 1(c);e.g., Haynes v. Faulkner County, 326 Ark. 557, 32 S.W.2d 328 (1996). But if the agreements you mention were entered into under this general authority, then, in my opinion, the revenues would only be "special revenues" if they were designated for a particular purpose by the quorum court. This would return us to the first category, which was discussed above. You have not indicated whether such an appropriation ordinance, as is contemplated by the first category, is involved. *Page 1